# Tomaczewski *v.* Dobson, Appellant.

*Negligence—Master and servant—Dangerous machine—Contributory negligence.*

Where an employee in operating a dangerous machine with which he is familiar, permits his foot to become entangled in a rope and drawn under a roller of the machine, he cannot recover damages from his employer because a lever connected with the machine was out of order, where it appears that the lever in question was not a safety device put on the machine to avert an accident, and had no relation with the safety of any one, and that there was another lever on the machine equally effective and within a few inches of the defective one.

Argued Feb. 1, 1904. Appeal, No. 239, Jan. T., 1903, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1901, No. 3066, on verdict for plaintiff in case of Ksawery Tomaczewski v. James Dobson. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The circumstances of the accident are detailed in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,800. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Earle White*, for appellant.—The employer had per-

formed his whole duty by furnishing the machine with a means of instantly stopping the machine, which Miller, who operated the machine, could have used, and which, if used, would have prevented the accident: Martin v. P. & R. R. R. Co., 200 Pa. 603 ; Stack v. Patterson, 6 Phila. 225 ; Devlin v. Phœnix Iron Co., 182 Pa. 109; Ross v. Walker, 139 Pa. 42.

*William W. Staake,* with him *William H. Staake,* for appellee.

Opinion by Mr. Justice Fell, March 7, 1904:

The plaintiff was employed in steaming cloth in the defendant's dye-house. The machine used for the purpose had two parallel rollers, three or four feet above the floor, which revolved independently of each other, and were controlled by separate levers. A third lever threw off the belt and stopped the whole machine. All of these levers were at the right-hand side of the machine and within easy reach of the operator. After the cloth passed from the back to the front roller, a strip of burlap was wrapped around it and a rope attached to one end of the strip was wound around the roller to keep the covering in place. The roller revolved slowly and the wrapping was done while it was in motion, by passing one end of the strip of burlap over the right end of the roller and holding it so that it would be wound around the cloth and cover it from right to left. When the wrapping was completed, the rope was wound a number of times around the left end of the roller. The wrapper and the rope attached to it were in the sole charge of the plaintiff, who stood on a platform raised a few inches from the floor in front of the roller and near the left side of the machine. A fellow workman stood near the right side of the machine and had charge of the levers. The plaintiff had worked at the machine two months and a half before his injury. On the day of the accident, in some manner unexplained, his foot became entangled in the rope and was drawn up and under the roller. The workman who operated the machine saw the danger in which the plaintiff was placed and tried to stop the front roller by the use of its lever, but was unable to do so because the lever was defective. He knew of the defect, but in the excitement of the moment failed to use,

the lever that would throw off the belt, which would have stopped the machine instantly. A workman at another machine did this but not in time to avert the injury.

There was testimony tending to show that the lever connected with the front roller had been out of order two days and that the attention of the foreman of the room had been called to this fact, and that a promise to have it fixed had been made by him and by the foreman of the department. Whether notice had been given to anyone who might be said to represent the defendant in this regard, and whether any promise of repair or assurance of safety in continuing at work had been made to the plaintiff were matters controverted at the trial and in the argument of the case here, but since we find no ground of liability they need not be considered.

The ground of negligence alleged was that the defendant did not keep the machine in reasonably safe condition, and failed to make repairs after notice of defect. All the testimony in support of these allegations related to the condition of the lever for the period of two days before the accident. But this lever was not a safety device intended to afford greater security to a person using the machine. It was for the purpose of starting and stopping the roller as might be necessary in the use of the machine ; it was not put on the machine to avert an accident and it had no relation to the safety of anyone. There was no reason to apprehend an accident that would require the use of the lever, and if there was an emergency there was another lever equally effective and within a few inches of this one. The plaintiff's injury was caused by his foot becoming entangled in the rope. This was due solely to his negligence in not properly placing the rope on the floor at the end of the platform, where he would have been entirely clear of it as it was drawn by the roller. The mere concurrence of an act of the defendant with the acts of others in producing an injury that was not a probable consequence of his act imposes no liability on him.

The case was submitted by the learned trial judge with great care and the jury were instructed that the defendant was not bound to guard against dangers he had no reason to anticipate. But they were allowed to pass on the question whether he should have anticipated that some one would become entangled in the rope and drawn under the roller. Since this could

happen only through the manifest negligence of the operator in placing the rope where it should not be and the machine could be stopped instantly by the use of the lever that shifted the belt, no ground of liability was shown.

The judgment is reversed and judgment is now entered for the defendant.