Fox, Appellant, *v.* Clearfield Wooden Ware Company.

*Negligence—Master and servant—Contributory negligence—Machinery—Nonsuit.*

Where an employee without any necessity whatever leaves a safe position where he has been placed at work, and while in a position where he ought not to be comes in contact with a projecting bolt on a shaft and is injured, he cannot recover from his employer.

The employer does not guarantee his servant against any and all accidents that may happen within the building, if the latter chooses to put himself in contact with machinery with which his duty does not call him to meddle, or to operate.

Argued April 19, 1905.   Appeal, No. 73, Jan. T., 1905, by plaintiff, from order of C. P. Clearfield Co., May T., 1904, No. 112, refusing to take off nonsuit in case of J. S. Fox v. Clearfield Wooden Ware Company.   Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before SMITH, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*A. L. Cole,* of *Cole & Kuntz,* for appellant.

---

* Also reported 15 Sup. Ct. Repr. 154.   Reporter.

*David L. Krebs,* of *Krebs & Liveright,* for appellee.

PER CURIAM, May 1, 1905 :

The facts in this case are almost exactly those in Tomac-zewski v. Dobson, 208 Pa. 324. We held in that case, that a defective lever was not a safety device put on a machine to prevent accident, and that where the employee had no duty to perform in operating the defective machine, the employer was not liable for his injury. According to plaintiff's own state-ment, he was nearly two feet from the place where it was his duty to be, when he was hurt, that is, he was at a place where, in the performance of his duty, he had no business to be. While in that position, he was injured; not because his em-ployer had not furnished him with a safe place to work nor a safe tool to work with, but because, being where he ought not to have been, a projecting bolt on a shaft caught and injured him; there must be some connection between the duty of the employee and the alleged defective machinery. The employer does not guarantee his servant against any and all accidents that may happen within the building, if the latter chooses to put himself in contact with machinery with which his duty does not call him to meddle, or to operate.

We discover no error in the record and the judgment is af-firmed.