## Calhoun v. Holland Laundry, Appellant.

*Practice, C. P.—Trial—Charge—Erroneous answer to points.*

An erroneous answer to a point will be assumed to be harmful although the trial judge may have correctly stated the law in his general charge.

*Negligence—Master and servant—Dangerous machine—Laundry—Contributory negligence.*

An experienced operator in a laundry cannot recover damages from her employer for injuries sustained by having her hand caught under a hot roller of an ironing machine, where it appears that the accident was caused by too much packing having been placed on the surface of the ironing-board; that it was a part of the operator's work to cover the board with packing of felt and muslin, but on the day of the acci-

dent this had been done by the superintendent; that owing to the thickness of the packing over which the operator had entire control, the clasp of the machine would not catch a narrow neck-band; that the operator when she came to a shirt with a narrow band placed her hand on it three or four inches from the roller; and that while doing this her hand was caught under the roller.

In such a case the employer cannot be held liable for the neglect of the superintendent in covering the board, since in so doing, if a vice-principal, he was engaged in the work of an ordinary employee and was a fellow servant; nor in such a case can an employer be held liable because of the removal from the machine prior to the accident of a small appliance, which was not a safety appliance, and the presence of which would not have avoided the accident, although its use would have enabled the operator to release her hand with less injury.

Argued Jan. 15, 1908.   Appeal, No. 138, Jan. T., 1907, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. Term, 1900, No. 337, on verdict for plaintiff in case of Jennie Calhoun v. Holland Laundry.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before McMICHAEL, J.   See Calhoun v. Holland Laundry, 208 Pa. 139.

The circumstances of the accident are set forth in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $3,500.   Defendant appealed.

*Errors assigned* were various instructions, including refusal of binding instructions for defendant.

*Harvey Gourley* and *Alex. Simpson, Jr.*, for appellant.

*Horace M. Rumsey*, with him *William F. Brennan*, for appellee.

OPINION BY MR. JUSTICE FELL, March 2, 1908 :

The judgment in this case must be reversed because of error in affirming the plaintiff's points.   The action was by a skilled

and experienced employee to recover for injuries sustained while operating a machine for ironing shirt bosoms in the defendant's laundry. The shirts were held in place on the ironing board by means of clasps. Because of the failure of a clasp to hold the neck band of a shirt, the plaintiff placed her hand on the shirt a few inches from its top, and as the board was moved forward her fingers were caught under a hot roller. The fundamental question in the case was whether the failure of the clasp to hold was because of a defect in it, as to which the attention of the superintendent had been called and a promise of repair made, or whether it was due to the fact that too much packing had been placed on the surface of the board. The placing of the packing was a part of the plaintiff's work, and the main ground of defense was that the accident was caused by her negligence in regard to it.

The plaintiff's points entirely ignored the question of contributory negligence, and their affirmance was in effect an instruction that the case turned on proof of the negligence of the defendant. The error complained of was not harmless, because the instruction as to contributory negligence in the general charge was correct. The answers to these points were the last instructions to the jury, and were in plain contradiction to what had been said in the charge, and we must assume that they were harmful. These points were open to other serious objections, and the defendant's second point should have been affirmed without qualification. But in the view which we have taken of the case it is unnecessary further to consider them.

Whether a verdict should have been directed for the defendant is a question more involved, but the answer is not less clear. The machine in use was of simple construction. A board four feet high rested on rollers and moved forward and backward under a hot revolving cylinder. It was started and stopped by the use of a treadle, which shifted the belt that extended from the machine to the gearing above it. A rod attached to the board raised and lowered it, and thus regulated the pressure of the cylinder. The upper surface of the board was covered with rubber, over which were placed pieces of felting and muslin. The shirt to be ironed was held by clasps on either side of the board, and a clasp at its head which

caught the neck band. The board then by pressure on the treadle was moved forward and backward under the cylinder until the ironing was done. It was not intended that the operator should place her hand on the shirt when the machine was running, and it was her business to place and adjust the packing on the top of the board.

The plaintiff had worked in laundries fifteen years, and eight years she had operated a machine for ironing shirt bosoms. She had been employed at the defendant's laundry fifteen months, and was forewoman of the ironing room. It was part of her work to cover the ironing board with felt and muslin, but on the morning of the day she was injured the superintendent of the laundry had covered the board because she was busy with other work. The covering placed on the board was so thick that the clasp at the top would not catch a narrow neck band, and in running the machine, whenever she came to a shirt with a narrow band, she placed her left hand on it three or four inches from the top to hold it in place. After she had worked at the machine under these conditions several hours her fingers were caught under the cylinder.

That the failure of the clasp to catch was due to the thickness of the covering there is no room for doubt under her testimony. She spoke of its not being in proper condition and not working, but she distinctly said that she did not know of any defect in the clasp and that it would have caught in all cases if one piece less of felt had been placed on the board. The defect, then, was not in the clasp but in the manner in which the board was covered. The covering of the board, as before said, was her work and she was at liberty to cover it to suit herself. The defendant could not be held liable for the neglect of the superintendent in covering the board since in so doing, if a vice principal, he was engaged in the work of an ordinary employee and was a fellow servant: Ricks v. Flynn, 196 Pa. 263 ; Miller v. American Bridge Co., 216 Pa. 559. Moreover, the condition that caused danger was apparent and fully understood by her and was under her immediate control. She could have remedied it and removed all danger by taking out a piece of felting.

The two remaining grounds on which it was attempted to

hold the defendant liable may be briefly considered.   One was that because of defects in the engine an irregular motion was given to the ironing board ; the other that the key by which the pressure of the ironing board against the cylinder was regulated had been taken away from the machine by the superintendent.   As to the first it is sufficient to say that a defective engine was not alleged as a ground of recovery and could not be made one at the trial; and as to the second that the key was not a safety appliance and its presence would not have averted the accident, although its use would have enabled the plaintiff to release her hand with less injury.   It was removed from the machine in order that the operator, in disregard of instructions, should not change the pressure and, as in Tomaczewski v. Dobson, 208 Pa. 324, there was no reason to apprehend an accident that would require its use.

The judgment is reversed and judgment is now entered for the defendant.