# Volk *v.* Beatty, Appellant.

*Appeals—Assignments of error—Points—Answers to points.*

1. A party is entitled to a clear and distinct statement of the law in answer to every point properly drawn that is material and applicable to the case and warranted by the facts and the evidence, if not covered in the general charge.

*Contract—Building contract—Time limit—Parol agreement.*

2. In an action to recover a balance alleged to be due on a building contract where the defendant sets up a contemporaneous verbal contract that the house was to be completed by a certain time, and that it was not so completed, the defendant is bound to show either that the alleged agreement was omitted from the written agreement by fraud, accident or mistake, or he must show by definite and sufficient evidence that the alleged oral agreement was in fact a contemporaneous parol agreement, and that it was the inducement for the execution of the writing. If he fails to do this the appellate court will sustain a verdict and judgment against him.

*Practice, C. P.—New trial—Evidence—Paper-book.*

3. Where an assignment of error is to the discharge of a rule for a new trial, and the depositions submitted on the argument of the rules are not printed in the appellant's paper-book, the appellate court will assume that the facts are as stated in the opinion of the lower court discharging the rule.

Argued May 6, 1909. Appeal, No. 23, April T., 1909, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1909, No. 23, on verdict for plaintiff in case of Justus Volk v. A. K. Beatty. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Assumpsit to recover amount claimed to be due on a building contract. Before O'Connor, P. J.

At the trial the plaintiff alleged as a defense that there had been a contemporaneous parol agreement that the house should be finished before cold weather, and that it had not been so finished.

The defendant presented this point:

1. That if the jury shall find from the evidence that the plaintiff had contracted to finish the house by the time cold weather

came in the fall of 1904, ready for occupancy by defendant's family, and that he was to do the work and use the material called for in the specifications; and if they should further find that plaintiff did not prosecute the work with reasonable diligence and did not do the work in the manner provided for and used defective and inferior material, against the protests of the defendant, and when the time came that the house was to be ready for occupancy it was barely half completed, defendant had a right to rescind and have the work completed by other parties. *Answer:* We think we have fully covered the point in our general charge and, because of the assumption of certain facts in it which are for the jury, we feel it is not proper to affirm it as drawn.

Verdict and judgment for plaintiff for $1,023.30.

On motion for a new trial O'CONNOR, P. J., filed the following opinion:

Upon the trial of this cause defendant asserted that he had discovered then for the first time that the specifications filed with the plaintiff's statement as part of the contract upon which plaintiff was seeking to recover were substituted, and were not the specifications upon which the plaintiff bid and which were made a part of the contract between the parties. It was further urged on behalf of the defendant that he was unable to secure the attendance of one Clark as a witness, for the reason that he was then beyond the court's jurisdiction. The trial of the cause proceeded to verdict, which was in favor of plaintiff, but counsel for defendant was assured by the court that if it were made to appear that deception had been practiced by plaintiff, as asserted, or that defendant had been hampered upon the trial in obtaining justice by reason of the absence of a material witness, the court could and would grant a new trial.

A motion for a new trial was entered and by virtue of a rule issued out of this court the evidence of the absent witness Clark was taken. From his testimony it is clear he first modified the specifications drawn by Volk, the plaintiff, before bidding and assumed that Mr. Volk bid upon the specifications as changed by the witness, but he states in positive terms that he does not

know that Mr. Volk, the plaintiff, bid upon these specifications, thus leaving Mr. Volk, who swore he never saw the changes, uncontradicted in this particular. The testimony of Clark in other particulars does not seem so strongly favorable to defendant as that of witnesses upon the trial and relates to facts which were submitted to the jury so sufficiently favorable to defendant as to leave him without grounds for complaint in this behalf.

Upon argument of the motion for a new trial counsel for plaintiff suggested that he was not averse to an order sustaining the motion, for the stated reason that he expected to be able to secure a verdict more favorable to his client in such an event. This statement, of itself, would not be sufficient warrant to sustain the motion. In the absence of an express agreement there should exist some sufficient grounds to sustain the court's decision, but in the case at bar we can discover no such grounds underlying defendant's contention. In fact, no legal ground whatever for granting a new trial in this cause presents itself, or has been presented, and we are constrained, therefore, to enter the following order:

And now, May 9, 1908, motion for new trial is overruled and judgment is directed to be entered against the defendant and in favor of the plaintiff upon the verdict for the amount thereof, with interest and costs, according to the prevailing practice.

*Errors assigned* were (1) answer to above point, quoting it; (2) in not sustaining the motion of defendant's counsel to continue the cause on the ground that the specifications as filed are not the true specifications, but that the true or correct specifications are now in court, specifying that genuine A–No. 1 Bangor slate, sheathing, and building paper were to be used. *Answer:* We will proceed with the case as we have it and let this matter be taken up on a motion for a new trial if there is a verdict for the plaintiff; (3) in not sustaining defendant's motion for a new trial.

*J. A. Berkey,* with him *Clarence L. Shaver, Fred W. Biesecker, A. L. G. Hay, Valentine Hay* and *Virgil R. Saylor,* for appellant.

*W. H. Ruppel*, for appellee.

OPINION BY RICE, P. J., October 11, 1909:

As shown by the first assignment of error, the learned trial judge gave two reasons for refusing to affirm the defendant's third point: first, because he had fully covered the point in his general charge; second, because the point assumed certain facts which were for the jury. The rule is that a party is entitled to a clear and distinct statement of the law in answer to every point properly drawn that is material and applicable to the case, and warranted by the facts and the evidence, "if not fully covered in the general charge:" Schomacker Mfg. Co. v. Yankee Club, 30 Pa. Superior Ct. 162. A point which assumes facts in dispute under the evidence is not properly drawn and may be refused for that reason alone. But it was not strictly accurate to construe the point under consideration as assuming any of the facts. It was so worded as to leave the determination of the questions of fact to the jury, and to require them to apply to the case the rule of law relative to the rescission of such contracts only in the event of their determination of the questions of fact in a certain way. But we cannot agree with appellant's counsel that the assignment of the second reason for refusing the point was in itself prejudicial to the defendant. The effect of the answer as a whole was to refer the jury to the general charge for the legal instructions that should guide them in the event of their finding or not finding certain facts alleged by the defendant. These were fair, adequate and quite as favorable to the defendant as he had a right to ask. The learned judge said to the jury: "It is entirely competent for one seeking the erection of a building to place in the contract a time limit, and it may be made as of the essence of the contract; and if in such case the contractor failed to do the work within the time fixed, unless delayed by the owner or his progress is impeded by what is known as an act of God, he may be deprived of everything. . . . If this house was so constructed as to warrant the conclusion from the evidence that the work was not a substantial compliance with the contract, then it is the same as if he had not complied with it in any de-

gree. Therefore, if you find from the weight of the evidence that the plaintiff failed to substantially comply with the terms of this contract you would find for the defendant. . . . Now, did the plaintiff substantially comply with his contract? If there is evidence here which satisfies the jury from its weight that this plaintiff did not comply with his contract in any particular, that the material used was defective, and if he had been permitted to go on and complete the work it would not be such a house as the contract called for, then he would not be entitled to anything." These and other instructions of the same tenor, taken in connection with the unqualified affirmance of the defendant's first, second and fourth points, covered all the questions raised in the third point unless it be that as to the time limit. Upon this subject the learned judge said: "It is alleged by the defendant there was a time limit, not set out in the written contract, but provided for by contemporaneous parol agreement that this work was to be completed before cold weather set in in the fall of 1904. The plaintiff says there was no such agreement. The defendant, who says there was, called a witness named Lepley who testified that he had been one time in the meat market of the defendant in Boswell, some time in September, 1904, and Mr. Volk, the plaintiff, came in and exhibited some plans and specifications, saying he was to erect a house for the defendant; and the witness made inquiry whether or not it was contemplated to erect the building that fall and Mr. Volk answered that the building would be completed that fall ready to go into before cold weather. Mrs. Beatty on the witness stand testified to the same conversation. When she was asked to fix the time of the occurrence she was not able to do so, but when asked whether or not this conversation was before the work had commenced upon the house, she answered that it was after the work had commenced. Now, if that was all there was in the nature of a contract on that point, then the time element in this contract is immaterial." This was a fair statement of the substance of the testimony of Lepley and Mrs. Beatty, and a more favorable view as to the time the alleged promise or representation was made than the testimony of the defendant himself required, as will be seen by the follow-

ing extract: "Q. Please state what your parol agreement was as to the time the house was to be finished? A. The house was to be finished before cold weather. He had plenty of time, he said, and could finish the house before cold weather. And the reason of my hurry was that I was living in a stable. By Mr. Ruppel: We object to this. A. And Mr. Volk promised me, in the presence of people, he would have it done long before cold weather—he would put on ten good men. And I kept my part going, that it wouldn't delay him one hour." While it was alleged in the affidavit of defense and in the notice of special matter that by a parol contemporaneous agreement between the parties the house was to be completed before cold weather set in, and to be ready for occupancy at that time, it was not alleged, and no evidence was given to show, that this was omitted from the written agreement by fraud, accident or mistake. Moreover, the evidence as to the time of making the alleged promise is indefinite and wholly insufficient, under the well-established rule relating to the subject, to sustain a finding that there was a contemporaneous oral agreement which induced the execution of the writing. It follows that there was no error in refusing the point.

The second assignment of error is not sustained by an exception, and besides that, as shown by the opinion of the learned judge discharging the rule for new trial, no abuse of discretion or harmful error was committed in overruling the motion for continuance.

The third assignment of error is to the discharge of the rule for new trial. The depositions submitted on the argument of the rule are not printed in the appellant's paper-book. Assuming as we may in their absence that the facts are as stated in the opinion discharging the rule, the discretion vested in the trial court was properly exercised.

The assignments of error are overruled and the judgment is affirmed.