# Repp *v.* Reynolds, Appellant.

*Practice, C. P.—Trial—Charge—Points.*

1. A party is entitled to a distinct and responsive answer to his points, if they are properly drawn and present questions fairly arising which can be answered by a simple affirmance or refusal.

2. Where a point submitted contains an abstract proposition of law upon an assumed fact, it is for the court to determine the legal truth of the conclusion from the fact, and the point should be affirmed or refused without qualification.

*Contract—Parol contract—Evidence—Corroboration of witness.*

3. When a parol contract between a plaintiff and a defendant is said to have been made in the presence of a witness who was interested in the general subject, and the defendant directly contradicts the plaintiff as to the making of the contract, and the witness testifies that he did not hear any such contract or conversation, and that he thinks it did not occur, his testimony is entitled to some weight in connection with the testimony of the defendant; and it is reversible error for the court to refuse to affirm without qualification, a point of the defend-

ant to the effect "that if the jury believe the testimony of defendant and the witness as to the making of the alleged contract, then there was no express contract made, and the plaintiff cannot recover in this action."

Argued March 5, 1913. Appeal, No. 30, March T., 1913, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1908, No. 1,045, on verdict for plaintiff in case of William Repp v. H. C. Reynolds. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit on a parole contract for compensation for services. Before NEWCOMB, J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $587. Defendant appealed.

*Error assigned* among others was (6) answer to defendant's seventh point, quoted in the opinion of the Superior Court.

*Cornelius Comegys,* for appellant.—When a point submitted contains an abstract proposition of law, it is not for the trial judge to determine alone the legal truth of the conclusion from the assumed fact, and affirm or refuse the point without qualification: Sheetram v. Trexler Stave & Lumber Co., 13 Pa. Superior Ct. 219; Lingle v. Scranton Ry. Co., 214 Pa. 500; Whitmire v. Montgomery, 165 Pa. 253.

*H. C. Hubler,* for appellee.—It is not a subject of error that the court, in answering points affirmatively, accompanied the answers with observations which impaired the effect of the answers, where the instructions taken together were proper, and where the observations of the court were advisable in order to prevent the jury from being led into error by mere affirmative answers: Leech v. Leech, 21 Pa. 67; Hays v. Paul, 51 Pa. 134; Utt v. Long, 6 W. & S. 174.

OPINION BY HENDERSON, J., April 29, 1913:

The plaintiff's case depended upon his ability to satisfy the jury that he entered into a verbal agreement with the defendant for the performance of the work out of which his claim for compensation arises. In his own behalf he testified that on June 28, 1894, he went to the office of the defendant with Mr. Frank Smith who was interested in the same subject and with whom he had had negotiations the day before. The object of the visit was to induce Mr. Reynolds to become a party to an agreement under which the plaintiff was to go into certain mines in which Smith and the estate represented by Reynolds were interested as lessors for the purpose of making an examination and obtaining information to be used in litigation about to be undertaken for the recovery of a sum of money alleged to be due to Smith, the estate of Neeld and others. The plaintiff testified that an agreement was made with the defendant according to which he was to make the desired examinations and report on the extent of the liability of the lessees of the mine and was to receive from the defendant $2.00 per day, this being one-third of the whole per diem compensation to be received by him for services to be rendered to all of the lessors. The plaintiff alleged that Frank Smith was present when this agreement was made. It was contended for the defense that a contract had not been entered into of the character claimed by the defendant. Mr. Reynolds testified that neither on June 28, 1904, nor at any other time was a contract made by him as claimed by plaintiff; that the only contract he ever had with him was one made in writing on August 31, 1903. He further testified that he was quite satisfied that Mr. Smith and the plaintiff were not in his office on June 28, and that it was not determined for more than a year after that date to enter into litigation with the lessees of the mines and that the examination proposed was not necessary at that time. Mr. Smith was called to corroborate the defendant and was asked whether he met the plaintiff on the day before

June 28, and talked with him about the business or employing him to examine the mines to which the witness replied: "I can't state that I did. I don't remember that I did." He further stated that he and Mr. Repp were in the defendant's office but that he did not remember any such conversation as that alleged by the plaintiff and that he did not "think it would have been plausible that it should have happened at that time." To a question of the court: "You mean to say you do not think there was any such conversation at that time?" he answered: "Yes, sir." In answer to the question whether at any time in the presence of the plaintiff and defendant he heard the plaintiff tell the defendant that he (Smith) and the plaintiff had made an agreement the day before with reference to work which the plaintiff was to do and whether he had had a conversation of that nature the day before the witness replied: "I don't remember any such conversation." The following question was also asked: "Did you ever in the presence of Mr. Repp and Mr. Reynolds hear Mr. Repp say to Mr. Reynolds that he had agreed to those things?" To this the witness said: "No, sir; it would have been unnatural that I would have had that conversation at that time." On cross-examination the question was asked: "Isn't it possible that such a conversation took place and you simply don't recollect it at the present time?" The witness answered: "I don't think so, that conversation at that time." And again: "Q. You are not willing to swear positively that that conversation did not take place? A. I don't think it did. Q. So you will admit it is just possible but probably not plausible? A. I don't think it happened." There was corroboration of the plaintiff to some degree but the case depended almost wholly on the credit to be given to the testimony of the plaintiff and defendant. A large amount of evidence was taken showing the character of the work done by the plaintiff and its relation to the interests of the defendant and his co-lessors. For the evident purpose of bringing the attention of the jury to the real point in

controversy the defendant presented the following point: "(7) that if the jury believe the testimony of H. C. Reynolds and J. Frank Smith as to the making of the alleged contract, then there was no express contract made, and the plaintiff cannot recover in this action." The court answered the point in this way: "I am unable to affirm that because it is so drawn that it might easily be misleading to the jury. This request assumes that Smith distinctly contradicts Repp. That, as I have already said to you, I cannot say. The most I can do as a matter of law is to say that he does not corroborate him. So, believing this request to be somewhat misleading I decline to affirm it." The object of the point was to limit the issues of fact and enable the jury to clearly understand that the plaintiff should not have a verdict if they believed the contract was not made on June 28, as claimed by the plaintiff. The rule is that a party is entitled to a distinct and responsive answer to his points if they are properly drawn and present questions fairly arising which can be answered by a simple affirmance or refusal: Whitmire, Exr., v. Montgomery, 165 Pa. 253, 261. Where a point submitted contains an abstract proposition of law upon an assumed fact it is for the court to determine the legal truth of the conclusion from the fact, and the point should be affirmed or refused without qualification: Citizens' Pass. Ry. Co. v. Ketcham, 122 Pa. 228; Lingle v. Scranton Ry. Co., 214 Pa. 500. Reading the defendant's seventh point in the light of the evidence we think it should have been affirmed without qualification. The fact that the point referred to the testimony of two witnesses does not seem to us to complicate the proposition or relieve the court from the duty of giving a simple affirmance of it. The testimony of Mr. Reynolds went to the root of the case. If his statement was true the contract claimed by the plaintiff was not made. The only person with the plaintiff and defendant at the time the agreement is said to have been made testified that he did not hear such a conversation; that he went with the plaintiff to the de-

fendant's office but that he has no recollection of any such conversation taking place as that alleged by the plaintiff and that he thinks it did not occur. This we regard as corroborative of the defendant to some extent. The testimony of the witness must necessarily be negative in its form but it is none the less evidence. When a parol contract is said to have been made in the presence of a witness who was interested in the general subject and this witness testifies that he did not hear any such contract or conversation and that he thinks it did not occur his testimony is entitled to some weight in connection with the testimony of the defendant, but if this testimony were entirely neutral in character it would not impair the quality of the defendant's point. It might not strengthen the evidence of the other witness but it would do the plaintiff no harm. We are led, therefore, to sustain the sixth assignment. The other assignments relate to parts of the charge of the court which may not be repeated in the same form in another charge and we need not discuss them at this time.

The judgment is reversed with a venire facias de novo.