From Charles K. Derr, Reading, Pa.

---

## Wolfe v. Blue Ridge Quarries, Inc.

*Practice, C. P.—Error in answering point—New trial.*

1. An erroneous answer to a point will be assumed to be harmful, although the trial judge may have correctly stated the law in his general charge, especially when (the amount of the verdict being large) it cannot be said that the error was harmless.

2. When a qualification must be added to a point for charge and the subject-matter thereof has been covered in the general charge, it is better practice to refuse the point.

Motions for judgment *n. o. v.* and new trial. C. P. Lehigh Co., April T., 1925, No. 150.

*Butz & Rupp*, for plaintiff.

*Aubrey, Steckel & Senger*, for defendant and motions.

RENO, P. J., Feb. 28, 1927.—We keenly regret that we are obliged to order a new trial. Taken as a whole, the case was well tried. The evidence was clearly and fully developed and the general charge submitted the issues of fact to the jury fully, adequately and fairly.

If we could be certain that the verdict represents truly the judgment of the jury upon the evidence and the general charge, we should not disturb it. But this, in view of the answer to plaintiff's fifth point, we cannot know. Plaintiff presented a number of points, most of which were refused because they

Wolfe v. Blue Ridge Quarries, Inc.

assumed as true certain facts which were in dispute. But, unhappily and through an inadvertence which is now inexplicable, we affirmed, without qualification, the fifth point as follows: "Under the law and the evidence, the plaintiff is entitled to recover as damages for the breach of the contract, marked Exhibit 1, the difference between the cost per cubic foot for removing the top soil, as provided in said agreement, and the contract price agreed to be paid therefor for the number of cubic yards contained in that portion of the quarry determined by the engineers to be removed."

The vice of the point is obvious. It is so drawn that its affirmance is equivalent to a binding instruction. It assumes that upon two factors, the law and the evidence, the plaintiff is entitled to recover, leaving to the jury merely the calculation of the amount of its verdict in accordance with the rule defining the measure of damages. Clearly, plaintiff was not entitled to this instruction. The testimony created a sharp and well defined dispute; plaintiff contending that the contract had been breached, defendant contending that it had been canceled either by a subsequent mutual agreement or by defendant's justifiable rescission. There was, therefore, no basis for the broad and unqualified statement that "under the evidence the plaintiff is entitled to recover damages for the breach of the contract." Whether he was entitled to recover under the evidence was for the jury, which, by the general charge of the court, was obliged to find, as the basis of its verdict, that the agreement was in full force and effect between the parties, that it had not been canceled by an agreement between them or rescinded by defendant for the plaintiff's failure to proceed under it, and that it was breached by defendant. In this light, the answer to the point was clearly erroneous. If it was to be affirmed at all, there should have been added a qualification to the effect that the measure of damages therein stated was correct and was to be applied by the jury if it was satisfied that plaintiff was entitled to recover under the evidence. Indeed, since this qualification was necessary and since the whole matter had been fully covered in the charge, the better practice would have been to refuse the point: Volk v. Beatty, 40 Pa. Superior Ct. 628.

As stated, the general charge covered the whole question raised by the point. Perhaps the jury followed the general charge and ignored the answer to the point. But this is a matter of pure speculation, and concerning it we are not permitted to conjecture. It is well settled that an erroneous answer to a point will be assumed to be harmful, although the trial judge may have correctly stated the law in his general charge: Calhoun v. Holland Laundry, 220 Pa. 281; Com. v. Ross, 266 Pa. 580; Com. v. Divomte, 262 Pa. 504; Com. v. Wooley, 259 Pa. 249; Rice v. Com., 100 Pa. 28. Nor can we say, as in Jackson v. Pennsylvania R. R. Co., 228 Pa. 566, that the verdict shows no resulting injury from the answer. In the Jackson case, "the small amount of the verdict rendered by the jury as single damages shows that they adopted the recommendation of the trial judge in his general charge." But here the verdict is for a substantial sum; an amount so large that we cannot hold that the error was harmless.

This disposition of the cases makes it unnecessary to examine the other questions raised by defendant's motion for a new trial. It may well be that an examination of these questions would have induced the conclusion that a new trial was required, but we will allow their final solution to await the new trial.

Now, Feb. 28, 1927, defendant's motion for judgment n. o. v. is overruled and discharged, the motion for a new trial is sustained and a new trial is awarded.

.   From Edwin L. Kohler, Allentown, Pa.