## Mocan v. Nejak, Appellant.

150

Argued October 27, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Henry Kauffman,* with him *Louis Little,* for appellant.

*B. J. McKenna,* with him *Walter W. Riehl,* for appellee.

OPINION BY RHODES, J., February 26, 1937:

This is an interpleader to determine who is entitled to the proceeds of a group life insurance policy issued on the life of Thomas Klobucher. Suit was brought on the policy by the defendant in the present action. The insurer asked leave to pay the money into court, and petitioned that the rival claimants be required to interplead. Plaintiff was the cousin of the insured, with whom he boarded for a time. Defendant was a friend and fellow workman of the insured. Plaintiff was designated beneficiary when the policy was issued in 1925, and she retained the policy until the death of the insured on June 29, 1934. Insured, in 1929, obtained a replacement certificate on the ground that the original was lost or destroyed. The first beneficiary named therein was Mate Rozich. The beneficiary was again

changed in 1930, and, finally, on October 2, 1931, the defendant was named beneficiary.

The trial in the court below resulted in a verdict for the plaintiff, and defendant has appealed.

Appellant assigns as error: (1) Rulings of the trial judge on the admission and rejection of evidence; (2) affirmance of plaintiff's fourth point; and (3) refusal of a new trial. Appellant has stressed and relied primarily upon the contention that the court below erred in affirming appellee's fourth point (third assignment of error), which reads as follows: "4. From the testimony of Pete Nejak and Harry A. Thompson, the defendant, Pete Nejak, is only a volunteer with no rights superior to plaintiff." We are of the opinion that the affirmance of this point by the trial court was reversible error.

Appellee's claim is based upon evidence to the effect that she agreed to accept the policy in payment of loans made by her to the deceased and for money owed to her for board. Appellant bases his right to the proceeds of the policy upon testimony tending to establish that he was named beneficiary in the replacement certificate pursuant to an agreement with the deceased under which appellant undertook to provide for his burial, retaining for himself whatever was left after the payment of the funeral expenses.

The court's instructions to the jury by the affirmance of the appellee's fourth point were erroneous and harmful. See *Calhoun v. Holland Laundry,* 220 Pa. 281, 69 A. 756. The status of the parties was not to be determined from the testimony of one or two witnesses, but upon a careful consideration of all the evidence bearing upon their respective rights. The issue must be submitted upon the questions of fact to be decided, and not upon the belief or disbelief by the jury of the testimony of particular witnesses. See *Clapp v. Vellner,* 266 Pa. 332, 109 A. 636.

Appellant further contends that he was improperly designated a volunteer, as the record contained evidence which, if believed, would remove him from that category. Appellant testified that decedent said to him, when he made the change of beneficiary in his favor: "If anything happens to me, bury me good. Q. 'Bury me good?' A. Yes. Q. Anything else? What did you say to that? A. I said, 'All right, I will.' He said, 'If there is any dollars left after the funeral expenses, you can have it, keep it.' ...... Q. When he died, what did you do? A. The hospital told me he was dead and I just got Jones and told him to go and get the body. Q. Who is Mr. Jones? A. Undertaker. Q. You had Tom buried, did you? A. Yes, sir. Q. What was the arrangements between you and the undertaker about paying for the burial? A. It was the arrangement for me half and Mr. Basha half. Q. Did you also incur expenses for the grave? A. Yes, sir. Q. Any other expenses besides the grave? A. Yes, sir. Q. For what? A. For pallbearers, hospital bill. Q. Anything else? What about priest's services? A. Priest's services, yes, sir. Q. What about automobiles? A. And five automobiles extra. Q. You got them? A. Yes, sir, paid them."

Although insured had reserved the right to change the beneficiary at any time, appellant could not properly be designated a volunteer if he was named beneficiary as the result of an agreement which he had executed. See *Pennsylvania Railroad Co. et al. v. Wolfe et al.*, 203 Pa. 269, 52 A. 247.

We are also of the opinion that it was error for the trial judge to say to the jury, by affirming the point in question, that appellant had "no rights superior to plaintiff [appellee]." This was, in effect, the equivalent of binding instructions for the appellee, for whether or not deceased had made the alleged contract with appellee was a question of fact for the jury. Under the evidence it was not within the province of the court to

decide this question. As the evidence relative to the alleged contract between the deceased and the appellee was oral, the question was for the jury, even if such testimony were uncontradicted. *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523; *Osche v. New York Life Ins. Co.,* 324 Pa. 1, 187 A. 396; *Haller v. Haller,* 45 Pa. Superior Ct. 409, 413.

Appellant's status in this case was for the jury to determine. Whether appellee had any rights depended on the jury's finding a valid contract between the deceased and the appellee. See *Gannon v. Gannon,* 88 Pa. Superior Ct. 239, 244; *Broadrick v. Broadrick,* 25 Pa. Superior Ct. 225, 232. For the court to charge the jury that appellant was a volunteer and had no rights superior to the appellee was assuming the existence of such a prior contract between the deceased and the appellee.

It is argued by appellee's counsel that the third assignment of error was not properly before this court. We find no merit in this contention. "The power of the Superior Court to decide any issue pertinent to a case properly before it, is specifically conferred by statute. Section 8 of the Act of June 24, 1895, P. L. 212 [17 PS §192], provides that the Superior Court 'may affirm, reverse, amend or modify any order, judgment or decree as it may think to be just, or it may return the record for further proceedings in the court below' ": *Taggart, Insurance Commissioner, v. De Fillippo,* 315 Pa. 438, at page 440, 173 A. 423, at page 424.

The third assignment of error is sustained.

Judgment is reversed, with a venire.