Opinion by
 

 Kenworthey, J.,
 

 This is a contest over the proceeds of an insurance policy on the life of Robert Coleman, who died January 9, 1940. The suit was originally brought by Alice Frazier “Coleman,” (hereinafter called plaintiff), deceased’s paramour, with whom he lived from 1932 until his death. After service of the statement of claim, defendant insurance company petitioned for an inter-pleader
 
 [1]
 
 to join as claimant Grace Coleman, minor
 
 *244
 
 daughter of deceased (hereinafter called claimant).
 
 [2]
 
 Defendant disclaimed all interest in the fund and offered to pay it into court. The court thereupon issued an order in the form prescribed by Rule 2304, 335 Pa. XXXIX, 12 PS, Appendix, p. 177, in which it directed claimant to file her complaint.
 

 The policy was issued March 1, 1930 and claimant was the original beneficiary named. Plaintiff, in her statement of claim, after alleging the issuance of the policy and the other facts to support the liability of the insurance company, averred that she was designated beneficiary on April 5, 1933. The policy offered in evidence indicated that a change in beneficiary had been made on that date and accepted by the company. Claimant, in her statement, alleged that she was named beneficiary in the policy when it was issued and that deceased “never changed the beneficiary in his policy nor did he ever intend it to be changed; that said Alice Coleman never was the wife of decedent, Robert Coleman, and that the change of the beneficiary from ‘Grace R. Coleman’ to ‘Alice R. Coleman (Wife)’ was done by fraud and is null, void and of no effect.” The only pleadings were the two statements of claim.
 

 There was no evidence that deceased’s signature on the change of beneficiary form was procured by fraud. But claimant offered evidence that the signature had been forged. Although plaintiff offered no evidence controverting the forgery, choosing to rely upon the prima facie case made by the introduction into evidence of the policy, the genuineness of the signature was properly left to the jury since claimant’s evidence was oral.
 
 Mocan v. Nejak,
 
 126 Pa. Superior Ct. 149, 153; 190 A. 208, 210.
 

 The jury found a verdict for claimant on which judg
 
 *245
 
 ment was entered. Plaintiff lias appealed from the court’s refusal of her motions for judgment n. o. v. and for new trial.
 

 Twenty-three assignments of error have been filed. We shall consider only those meriting discussion.
 

 One group of assignments raises a procedural question. After the pleadings were closed, plaintiff moved for judgment on the ground that the allegations in her statement of claim, which were sufficient to support a judgment against the insurance company, must be taken to be admitted since not denied in any pleading. Under prior practice, which in Philadelphia County was governed by the Act of March 11, 1836,
 
 [3]
 
 * the defendant seeking interpleader had to be a stakeholder who disclaimed all interest in the fund and offered to pay it into court.
 
 De Zouche v. Garrison,
 
 140 Pa. 430, 21 A. 450;
 
 Fidelity Trust Company v. William Penn Trust Company,
 
 110 Pa. Superior Ct. 91, 167 A. 469. The court, in its order granting the inter-pleader, determined which of the parties should act as plaintiff and which defendant and the case proceeded on pleadings between the claimants in the form prescribed by the Practice Act. Under the new rules, defendant may, but need not be a stakeholder. He may deny liability or otherwise claim an interest in the fund. Rule 2303(3) and Rule 2306(c) (1). And rule 2309(c), which provides that “the interpleaded claimant
 
 may
 
 include in his statement, under the heading of ‘Additional Matter’, any allegations relevant to the claim of any other claimant or party” (italics supplied)
 
 [4]
 
 gives the claimant the option of determining whether there are to be any pleadings directly between the
 
 *246
 
 parties claiming the fund. And, if no “Additional Matter” is averred by claimant, the averments of fact in neither statement are taken to be admitted, but are put at issue, without denial, similar to the manner in which allegations are put at issue under present practice in actions of trespass. Although, as pointed out in the comment in Goodrich-Amram to Rule 2310 (b)-l, the absence of pleadings between claimants may, in some cases, prove unsatisfactory, there is no doubt in the present case plaintiff had adequate notice of the nature of the issues and of the proofs which claimant intended to offer.
 

 Plaintiff next contends she is entitled to judgment n. o. v., or at least a new trial, because of a variance between allegata and probata. The theory advanced is that claimant alleged the signature on the change of beneficiary form was procured by fraud, whereas the evidence purported to show forgery. Without deciding whether, under the present practice, plaintiff is in a position to raise the question, it is our opinion there was no variance. Claimant’s allegation quoted above is not confined to an allegation of fraud. She also alleged the deceased “never changed the beneficiary.”
 

 The other assignments of error complain of the admission of certain evidence and of the rulings on points for charge. We have examined all of them carefully. If a strictly logical concept of relevancy were to be rigidly adhered to, it might be plausibly argued that proof of the legal marriage between claimant’s mother, Esther Coleman, and the deceased, evidence that letters of administration originally issued to plaintiff had been revoked, and evidence that the legal wife, Esther Coleman, had claimed the body and arranged for the funeral, furnished the jury no help in the solution of its problem of determining the single, narrow issue whether the change of beneficiary document had been forged. But the admission of this evidence was harmless.
 
 Short v.
 
 
 *247
 

 Allegheny Trust Co.,
 
 330 Pa. 55,198 A. 793. The proof of deceased’s declared intention to leave his life insurance to claimant made subsequent to and being inconsistent with the alleged change of beneficiary was properly admitted.
 
 Lappe v. Gfeller,
 
 211 Pa. 462, 60 A. 1049. And all of the court’s rulings on the points for charge were, in our opinion, substantially correct.
 

 The assignments of error are overruled and the judgment is affirmed.
 

 [1]
 

 The practice in this case is governed by tbe new rules. 335 Pa. XXXIV et seq., 12 PS, Appendix, Rules 2301-2325.
 

 [2]
 

 This designation of the parties is used in the new rules.
 

 [3]
 

 P. L. 76 Sec. 4, and 12 PS 581.
 

 [4]
 

 Rule 2311 provides: “All allegations of fact in a claimant’s statement which are not answered, or sufficiently answered, shall, as between the parties concerned thereby, be conclusive in the action.”