## Love v. The First Securities Co.

*Chambers, Chambers & O'Neill,* for plaintiff.

*Kenneth M. McLure* and *Alvah M. Shumaker,* for defendant.

BRAHAM, P. J., January 7, 1948.—In this feigned issue plaintiff, the wife of Robert C. Love, is claiming a deposit in the First National Bank of Lawrence County which was levied upon in attachment execution by The First Securities Company as his property.

The bank asked leave to pay the money into court and withdraw, whereupon the court on February 14, 1947, framed an interpleader in which Mr. Love should be plaintiff and the securities company defendant and the bank was discharged as party. The order was made at no. 68, March term, 1947, and the opinion is reported in 6 Lawrence 43.

The court directed Mrs. Love to file a complaint and the securities company to file an answer. Each has complied. Now, however, the securities company asks leave to amend its answer by adding five paragraphs; paragraph 17, consisting of an averment that Robert C. Love was its president and at various dates wrongfully deposited its funds in his own bank account; paragraph 18, consisting of an averment that Robert C. Love managed buildings for his wife, plaintiff, and was allowed by her to deposit those funds in his own account and use them to pay daily expenses and thus contributed the funds to him; paragraph 19, consisting of an averment of plaintiff's laches in failing to discover the way her funds were being handled; paragraph 20, consisting of an averment that more funds were withdrawn from the account for plaintiff's benefit during the period complained of by her than were deposited, and paragraph 21, of a summary character. Plaintiff objects to these amendments primarily on the ground that defendant cannot rise above its rights as attaching creditor.

Two main problems are presented by the record now before us: First, can the claims of the securities company rise higher than as attaching creditor? second, what pleadings may it file to state its claim?

Can defendant in interpleader who initiated suit as plaintiff in attachment execution now claim both as attaching creditor and as owner of the thing attached? This is a question of some moment which does not seem to have been answered in the adjudicated cases. The modern tendency is to favor pleading in the alternative.

This is the theory of the new procedural rules: Rule 1020 allows pleading of inconsistent causes of action and defenses. Thus claimant under rule 2309, which assimilates the pleading of claimant in interpleader to the practice in assumpsit, might advance inconsistent claims to the fund in question.

The securities company, however, began this case in attachment execution. This is execution process: Wray v. Tammany, 13 Pa. 393. Defendant thereby gained the advantage of a lien which, if garnishee has property of original defendant, may be as binding and conclusive as the lien of a fi. fa.: 5 Am. Jur. 86.

It is the spirit of modern pleading to permit a party to state his whole case against his adversary and have it decided at one time rather than to compel him to split his claim into fragments according to lawyer-made categories. In this spirit there is no real reason why a plaintiff in attachment execution might not be able to declare that the property sought to be attached is really plaintiff's own but that in any event he has a judgment against the apparent owner of the property and wishes to attach it. As to garnishee, attachment execution is original process: Kennedy v. Agricultural Ins. Co., 165 Pa. 179. But the procedure of attachment has not yet been regulated by the new procedural rules and it may be confidently asserted that under existing procedure plaintiff may not claim as creditor and owner. The procedure is statutory: 7 Standard Pa. Practice 611. A debt due defendant in the judgment from garnishee is a prerequisite to attachment execution: Lane's Appeal, 105 Pa. 49, 65. The Act of June 16, 1836, P. L. 755, sec. 35, 12 PS §2265, which authorizes attachment execution is to be strictly construed: Seip et ux. v. Laubach et al., 333 Pa. 225.

Having decided our first question by determining that plaintiff in attachment execution may not also claim as owner we proceed to consider what pleadings defendant securities company is entitled to file in the

present state of the issue in interpleader. The immediate answer is that none are expected of him. The word claimant in the interpleader rules does not include original plaintiff. Statements of the cause of action are required of each claimant but the statement of original plaintiff stands. Here obtrudes an apparent error of the court in making the order of February 14, 1947, in which the interpleader was granted. The court therein stated that the interpleader was to determine whether the securities company as attaching creditor of Amanda G. Love, as claimant, was entitled to the fund. This involved a misconception because under the procedural rules the court does not frame an issue. The issue is framed by the pleadings: Rules 2309-2311, inclusive. However, in view of the case above expressed no harm was done by limiting the securities company to its claim as attaching creditor.

The order naming Mrs. Love as plaintiff and the securities company as defendant was correct: Garland v. Craven et al., 156 Pa. Superior Ct. 351, 354. The part of the order of February 14, 1947, which directed plaintiff, Mrs. Love, to file a complaint and defendant securities company to file an answer thereto involved a further misconception. The answer filed by defendant was superfluous. Rule 2309 requires plaintiff to file a complaint and gives plaintiff the option of adding additional matter relating to the claim of another claimant. The original defendant, garnishee bank in the case before us, may answer under rule 2310(a) unless it disclaims. Plaintiff or "other interpleaded party" is required by rule 2310(b) and (c) to answer the additional matter: Hamilton v. The Police Beneficiary Association et al., 156 Pa. Superior Ct. 210. If no additional matter is filed with claimant's statement the averments of the complaint and of the initial pleading filed by defendant in interpleader when it was plaintiff in the original action are presumed to be denied and are in issue: Coleman v. Shenandoah Life Ins. Co. et al., 147 Pa. Superior Ct. 242, 246.

In the case at bar claimant, Amanda G. Love, filed no additional matter. No answer, therefore, was in fact required and all averments of claimant's complaint are put in issue. Defendant securities company has in fact filed an answer. Plaintiff has not previously complained of this irregularity and indeed the answer gives plaintiff information. But no further affidavit of defense is required to deny plaintiff's allegations because all competent evidence will be receivable at trial on defendant's side of the case. The order refusing the amendment applied for will of course be without prejudice to defendant's right to offer evidence which may be in support of its present allegations so long as the evidence tends to disprove plaintiff's claim or support defendant's position as attaching creditor. For example, if defendant can show, as it alleges, that Robert C. Love as its agent took certain of its monies and deposited them to his own credit in the account in question this at least proves that the money did not belong to Mrs. Love.

In some ways our conclusion that all of the matters averred in defendant's suggested amendment may not be considered affirmatively as well as defensively is a disappointing one. It should be possible to clear up the whole dispute in one trial. Nevertheless we must respect the landmarks of existing procedure. These indicate: First, a plaintiff in attachment execution may not also claim as owner of the thing attached; second, the interpleader rules do not provide for such a claim by a plaintiff in attachment execution who has been made defendant in an issue in interpleader after garnishee has waived any interest. Entertaining these views we make the following

### Order

Now, January 7, 1948, the application of The First Securities Company of New Castle, Pa., to amend its answer is refused and the rule issued thereon is discharged.