## Commonwealth *v.* Brandler, Appellant.

*Criminal law—Larceny—Evidence—Admissibility.*

In a trial of indictment for larceny for stealing from a wholesale clothing house, it was proper to allow a witness to testify that he had been watching the defendant, because prior to the commission of the offense charged, other goods had been missed from the store.

It was not error to admit in evidence the confession of the crime, although it contained reference to other crimes committed by the defendant.

*Criminal law—Larceny—Character of witnesses — Evidence of commission of other crimes—Limitation.*

A witness who has testified in chief to the good character of the defendant may be asked, on cross-examination, whether or not he had heard of certain offenses, specifying them, charged against the defendant before the beginning of the then pending prosecution. This is allowable only on cross-examination, not as evidence affecting the character of the defendant, but as evidence affecting the credibility of the witness testifying to good character. Such an inquiry is permitted only for the purpose of ascertaining the opportunities, sources and extent of the knowledge of the respective witnesses on the point of the general reputation of the defendant and not to show that the defendant was probably guilty of the other offense.

*Criminal law—Larceny—Theft by salesman.*

A salesman in a store has no such control over the goods in the store as will prevent his conviction of larceny if he abstracts the goods. The possession is that of the employer.

Argued April 9, 1923. Appeal, No. 125, April T., 1923, by defendant, from judgment of Q. S. Erie Co., May T., 1922, No. 9, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Christian Brandler. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for larceny. Before HIRT, J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, and refusal to direct a verdict in favor of the defendant.

*S. Y. Rossiter,* for appellant.

*M. Levant Davis,* and with him *Otto Herbst,* Assistant District Attorney, and *C. Arthur Blass,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., July 12, 1923 :

The appellant was convicted of larceny. He had been employed as receiving and shipping clerk and salesman in a store in which men's and women's clothing were sold at wholesale. The evidence fully sustains a finding by the jury that he feloniously stole and carried away certain goods from his employer's premises. As stated by his able counsel in his printed argument, the assignments of error raise chiefly questions of evidence.

Samuel Caplin, a coemployee of the defendant and a witness for the Commonwealth, testified that he watched the movements of the defendant and saw him taking goods out of the store in the evening after the store was closed. He was asked why he was watching the defendant and answered, over the objection of defendant's counsel, that prior to that time goods had been missed from the store. It is urged, under the first assignment of error, that the admission of this testimony was highly prejudicial to the defendant because it suggested that he had been guilty of other offenses not connected with the one for which he was being tried. We think that the answer is subject to no such imputation. It did not even tend to connect the defendant with any other crimes, if any had been committed, and therefore, at most, was harmless error.

The second assignment charges error in sustaining an objection to the following question put to the witness, Caplin, on cross-examination: "Q. You had followed him up; you had seen he had goods in his car over there at his house. Why didn't you get the detectives then and get him red handed right there at his own home with the goods?" We are not convinced that this ruling was prejudicial to the defendant, because, when the witness testified that on the next night he saw the defendant come out of the store with a large package, the defendant's counsel asked him why he did not arrest the defendant at that time and the answer was "that he didn't feel like it just then."

. The third, fourth and tenth assignments complain that the Commonwealth was permitted to prove the oral admissions of guilt made by the defendant on the night of his arrest, as well as to introduce parts of a signed confession of guilt of the crimes charged in the indictments. It is well settled that all admissions of guilt by the defendant, when voluntarily made, are admissible against him. The fact that the oral admissions were subsequently reduced to writing does not render the oral statements inadmissible. When the signed confession was first offered by the Commonwealth, the court inspected it and admitted only the parts thereof relating to the matters charged in the indictment. The parts inculpating the defendant as to crimes not charged in the indictment were excluded. While the admission of the written confession in this form was advantageous to the defendant, his present contention that the paper should have been admitted or rejected as a whole is correct. The objection falls, however, because the entire written confession was later admitted in evidence. There is no substantial merit in the argument that the defendant was prejudiced by the manner in which the whole confession was admitted.

The fifth assignment complains that the defendant was not permitted to testify that the prosecutor had be-

come involved in income tax irregularities. We think the court correctly ruled that this was a purely collateral matter and that the defendant could not go into it except so far as it related to the goods described in the indictments.

The sixth, seventh, eighth and ninth assignments complain that the Commonwealth was permitted to ask the defendant's character witnesses whether they had heard of certain acts of dishonesty committed by the defendant. "A witness who has testified in chief to the good character of the defendant may be asked, on cross-examination, whether or not he had heard of certain offenses, specifying them, charged against the defendant before the beginning of the then pending prosecution. This is allowable only on cross-examination, not as evidence affecting the character of the defendant, but as evidence affecting the credibility of the witness testifying to good character": Com. v. Engle, 73 Pa. Superior Ct. 138. Such an inquiry is permitted only for the purpose of ascertaining the opportunities, sources and extent of the knowledge of the respective witnesses on the point of the general reputation of the defendant and not to show that the defendant was probably guilty of the other offense. See Com. v. Principatti, 260 Pa. 600.

The eleventh, twelfth and thirteenth assignments are based upon exceptions to the refusal to direct a verdict for the defendant, to the overruling of the motion for a new trial and to the imposition of sentence. Counsel for the defendant urges, with respect to these assignments, that, if the defendant was guilty of any crime, it was larceny by bailee, embezzlement or some kindred crime, but not larceny. This contention is based upon the proposition that the prime requisite of larceny is the original trespass, that is, that the thief must have committed a trespass against the owner in the original taking. The answer to this is that in the case at bar the goods were in the possession of the employer. There is no evidence in the case that the defendant had any gen-

eral control over the goods in the store. When he abstracted a part of the goods with a fraudulent intent to convert them to his own use, the offense was larceny.

All of the assignments of error are overruled, the judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.