## Commonwealth *v.* McGillicuddy, Appellant.

*Criminal law — Burglary — Charge of court—Witnesses—Character evidence—Cross-examination.*

A witness who has testified in chief to the good character of the defendant may be asked on cross-examination whether or not he had heard of certain offenses, specifying them, charged against the defendant before the beginning of the prosecution. This is allowable only on cross-examination, not as evidence affecting the character of the defendant, but as evidence affecting the credibility of the witness testifying to good character.

A character witness may also be cross-examined as to whether the defendant's reputation had been the subject of discussion in his presence. The jury is entitled to know whether the witness's assertion as to the good character of the defendant is based upon the fact that people speak well of him or because the witness has heard nothing against him.

On the trial of an indictment for burglary, it is not error in the trial court to comment on the unlikelihood that men, intent on committing a crime, should take with them a man suffering with delirium tremens.

Argued November 14, 1923. Appeal, No. 236, Oct. T., 1923, by defendant, from judgment of O. and T. Phila. Co., April Sessions, 1923, No. 232, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Harold McGillicuddy. Before ORLADY, P. J., PORTER, HENDER-

438 COMMONWEALTH *v.* McGILLICUDDY, Appel.

SON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for breaking in with intent to steal and for larceny. Before HENRY, P. J., 52d Judicial District, specially presiding.

From the record it appeared that the defendant, together with three other persons, was discovered about three o'clock in the morning in a retail fur shop, and arrested by the police. Four bags stuffed with furs were found in the shop and certain instruments which might have been available for the purpose of burglary were found on some of the other defendants, but none on the appellant. The appellant having been granted a separate trial offered as a defense that he was intoxicated on the night in question and in such a condition that he did not know where he was or what he was doing. Other facts appear in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, refusal to withdraw a juror for improper questions and the charge of the court.

*John M. Patterson,* and with him *H. Eugene Heine,* for appellant.

*Lemuel B. Schofield,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY TREXLER, J., December 12, 1923:

There are a number of assignments of error, but we will confine our discussion to the matters presented in the statement of questions involved. We have, however, considered all the assignments and find merit in none of them.

(1) The district attorney was allowed to ask certain character witnesses called by the defendant whether defendant's reputation had been the subject of conversation. The appellant contends that when a witness has heard nothing bad about a man it is evidence of good character, that negative testimony of this kind may be regarded as bearing favorably upon defendant's reputation. Granting this, the witness is nevertheless subject to cross-examination and we see no harm in ascertaining from him whether his assertion as to the good character of the defendant is based upon the fact that people speak well of him or on the other hand that the witness has heard nothing. The jury has a right to know one or the other. It is a common practice in some courts to ask a character witness whether he ever heard defendant's character discussed. A negative answer does not render the testimony of the witness incompetent, but it does disclose whether the testimony is founded upon the common speech of the neighborhood, or upon the mere inference that, nothing having been heard, the subject of the inquiry has a good reputation.

(2) A witness called to establish defendant's good reputation was asked on cross-examination: "You are testifying because you think he is a good fellow and keeps a bootleg saloon?" The question was objected to and was not pressed, but a motion to withdraw a juror was overruled. The question had been preceded by the inquiry as to the general reputation of the defendant, not restricted to honesty, the charge being burglary. The counsel for the defendant asked the witness whether he was "an upright honorable man all around" and was answered thus: "Yes sir I never heard of his being in trouble before. His reputation is good. I have been close to him for many years, back and forth, seeing him every day." When a witness bases his assertion upon every day intimacy with the defendant, certainly the fact that he was an habitual violator of the law may be a very pertinent question with which to test the witness's asser-

tion of knowledge. "A witness who has testified in chief to the good character of the defendant may be asked on cross-examination whether or not he had heard of certain offenses, specifying them, charged against the defendant before the beginning of the then pending prosecution. This is allowable only on cross-examination, not as evidence affecting the character of the defendant, but as evidence affecting the credibility of the witness testifying to good character": Com. v. Engle, 73 Pa. Superior Ct. 138; Com. v. Brandler, 81 Pa. Superior Ct. 585; Com. v. Principatti, 260 Pa. 587. See also Com. v. Robzin, 78 Pa. Superior Ct. 290. Assuming that the question was improper, we do not think the court abused its discretion in not withdrawing a juror. As pointed out in the opinion of the lower court refusing a new trial, on four occasions the defendant had illegal possession of whiskey, and the remark of the district attorney introduced no new feature in the case and therefore, was not prejudicial to the defendant. Unless material harm is done to the defendant, an improper question will not furnish sufficient ground for a reversal: Com. v. Varano, 258 Pa. 443; Com. v. Ross, 266 Pa. 580. The assignment may be disregarded for this reason, as it was not detrimental to the defendant who admittedly had been a violator of the liquor law.

The other assignments are directed to portions of the charge of the court. (3) The court commented upon the likelihood of people who were going out at three o'clock in the morning, taking a man along who, according to the testimony of the defendant, was bordering upon delirium tremens and had created some disturbance in his own home. We think this was a legitimate subject of comment. It was left to the jury to consider whether this was a likely state of affairs, the trial judge assumed that a man in that condition would be a dangerous encumbrance, but he qualified that by saying that the jury could consider whether the other men knew his con-

dition when they took him along.  We do not think there was any unfair presentation of this feature of the case.

(4) The court said, referring to the presence of the defendant when the burglary was committed: "Could he still have been under the impression that they were going in there for a drink?  And then you will still consider whether he was of sufficient mental capacity under the circumstances to appreciate what was going on; that is to form in his mind or to realize that they were stealing —have this felonious intent in his mind.  He must have had that."  This the appellant argues is an assertion that the defendant did know what he was doing and had a felonious intent.  We do not so regard it.  We construe this as expressing the opinion of the court that the jury could not convict the defendant unless they found he had sufficient mental capacity to realize what he was doing.  If there is any doubt as to what the court meant, it was dissolved by the later statement of the court that if the defendant did not have sufficient mental capacity, to realize what he was doing, and if defendant went into the premises where the burglary was committed with the thought that he was going there for a drink and did not participate in the preparation for the removal of the goods, he was not guilty.

All the assignments of error are overruled, the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.