## CHICCARELLO v. UNITED STATES.
### No. 5121.

Circuit Court of Appeals, Third Circuit.

Dec. 29, 1933.

Joseph A. Rossi and Max V. Schoonmaker, both of Pittsburgh, Pa., for appellant.

Horatio S. Dumbauld, Zeno Fritz, and Louis E. Graham, U. S. Attys., all of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Phillip Chiccarello, the appellant, and two others were charged with passing counterfeit Federal Reserve $10 bills. Trengo pleaded guilty and testified for the government. Di Bianco and Chiccarello were convicted and sentenced. Di Bianco took no appeal; Chiccarello did appeal.

■ Four questions are involved:

First, it is complained the court erred in allowing the government to reopen the case and call a witness who proved that Di Bianco had passed a similar bill on her. Di Bianco alone objected to the action of the court. The testimony did not refer to, name, or implicate Chiccarello. He made no objection and took no exception. His contention and assignment of error have no foundation.

■■ The second question concerns the exclusion of testimony. All three met in New York City, and Chiccarello and Trengo jointly bought from Di Bianco thirty-nine or forty counterfeit notes. These notes were hidden under the floor of the automobile in which the three men drove to Pittsburgh, in which latter city they passed some of the notes. When the three were arrested, the notes were found in the car they used in going from place to place and passing the notes. It was sought in the cross-examination of Trengo to show that he had a woman in the apartment where the counterfeit notes were bought. Trengo himself objected to answering the question, and the court refused to have him answer. Apart from the sufficient ground of the witness declining to answer, we are of opinion the court committed no error in declining to receive the testimony. It in no way affected the later crime of passing the notes in Pittsburgh.

■ As to the third question involved, we find no exception was taken to the court's ruling.

■ As to the fourth question, it appears character witnesses were called by Chiccarello, who testified to their knowledge of his good reputation. On cross-examination they stated they had never heard he had pleaded guilty and been sentenced for violation of the prohibition law. In rebuttal, the record of such case was allowed solely to affect the extent of such witness's knowledge of the general reputation of Chiccarello. In so ruling the court committed no error. Commonwealth v. McGillicuddy, 82 Pa. Super. Ct. 437.

The judgment below is affirmed.