## Commonwealth *v.* Mashie et al., Appellants.

Argued March 6, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Thomas J. Foley,* with him *James G. Colleran,* for appellants.

*W. J. Kerney,* with him *A. C. F. Kenowski,* Assistant District Attorneys, and *James F. Brady,* District Attorney, for appellee.

OPINION BY JAMES, J., July 15, 1944:

Appellants were jointly tried and convicted of **rape**:

Act of June 24, 1939, P. L. 872 §721, 18 PS 4721. The only question is succinctly stated in appellant's brief as follows: "Did the Trial Court err in allowing the District Attorney to ask character witnesses for the defendants, whether they had heard, or did they know that Edward Uzialko, one of the defendants, was arrested and convicted, and spent time in the Lackawanna County jail in 1937?"

It is plain that the statement raises no question whatever insofar as the appeal of Mashie is concerned. The judgment in his case must, in any event, be affirmed: *Com. v. Gibbons,* 3 Pa. Superior Ct. 408.

The question was first asked in the following form: "Have you ever heard that he (Uzialko) was arrested before this time?" The witness was later asked, "Now, from the speeches of people in the community in which Uzialko and you reside, have you ever heard or do you know that he was arrested and convicted and spent time in the County jail of Lackawanna County in 1937?" It was finally put to another witness as follows: "Have you heard that Edward Uzialko, the defendant in this case, was arrested in 1937, convicted, and served time in the County Jail?"

The objection was conditional only; counsel for appellants said: "Unless this is followed up by proof that he has a record, I object to it." The court sustained the objection on the ground specified; directed that both the questions and answers be stricken from the record; cautioned the jury to pay no attention to the question or the answer; reserved the ruling on the motion for withdrawal of a juror which accompanied the objection; and directed the district attorney "to produce any records which he has." The court, at the time, asked counsel for appellants whether this ruling was satisfactory and was informed that it was.

This court stated in *Com. v. McGillicuddy,* 82 Pa. Superior Ct. 437, quoting from *Com. v. Engel,* 73 Pa. Su-

perior Ct. 138, that: "A witness who has testified in chief to the good character of the defendant may be asked on cross-examination whether or not he had heard of certain offenses, specifying them, charged against the defendant before the beginning of the then pending prosecution. This is allowable only on cross-examination, not as evidence affecting the character of the defendant, but as evidence affecting the credibility of the witness testifying to good character." The basis for the ruling and some of its limitations are carefully analyzed and discussed by Mr. Justice DREW in *Com. v. Becker*, 326 Pa. 105, pages 114-116, where it is stated at page 115, "The problem in each case is to determine whether the inquiry at cross-examination is directed to the witness hearing of the rumor, or is directed toward the substantive fact of the defendant's misconduct."

There are risks involved in permitting the type of questions here involved. Professor Wigmore has called attention to the fact that this method of inquiry is frequently exploited by district attorneys for the purpose of attacking the character of a defendant by insinuation and without a proper basis for it. See 3 Wigmore's Evidence (3rd Ed.), Sec. 988. Mr. Justice DREW, in the *Becker* case, said that "where the record discloses the actual purpose of such cross-examination was to show defendant had committed a specific crime of which he is not now accused, and not to test the credibility of the character witness, it will be held improper if it tends to prejudice the accused." Concededly, it is often difficult, especially with nothing before us but the printed record, to determine what the actual purpose of the cross-examination was and whether it tended to prejudice the accused.

The Commonwealth was unable to show that Uzialko had a previous record. At side-bar, during the course of the trial, the district attorney stated to the court that there was such a record. This statement was un-

doubtedly made in good faith. Counsel for appellant admitted that appellant had previously been arrested and held in jail pending bail but denied the conviction. The failure to produce the record undoubtedly indicated that the district attorney was mistaken. But in spite of the failure to produce the record the court apparently, by the time the trial was completed, was satisfied either that the purpose of the question was merely to test the reliability of the witness' opinion of good character or that under the circumstances appellant's case had not been prejudiced, or both. He refused the renewed motion to withdraw a juror and permitted the jury to regard the question as having been asked solely for the purpose of testing the reliability of the witness' opinion. In explaining to the jury the limited consideration to be given to it, the court said, "When evidence of good reputation was established, the witnesses were asked by the Commonwealth, and entirely properly, whether they had heard of a previous arrest of one of these defendants, Uzialko. Now, understand me carefully, members of the jury, and do not allow yourselves to forget the caution which the court is now going to submit to this jury. This must not be considered by you in any way, shape or manner as tending to show that this defendant ever committed any other offense. In other words, it makes no difference whether he was or whether he was not arrested for some other offense previously. That has nothing whatever to do with this case. Now remember that. That is no evidence against this defendant whatsoever. That evidence is merely permitted, that testimony, and the Commonwealth is permitted to ask that question solely to determine the opportunity that these witnesses had to know of the reputation of this man, in other words, to test whether or not they did actually know of his reputation as being a law-abiding citizen."

In spite of the fact that the question in one of the

forms in which it was asked was directed, in part, at whether the witness *knew*—"have you ever heard or do you know"—that Uzialko had been arrested and convicted, we are satisfied from the record as a whole that appellants' case was in no way prejudiced. If anything, the original ruling of the court calling upon the Commonwealth to produce the record followed by the Commonwealth's failure to produce it was more prejudicial to the Commonwealth's case than to appellants'.

The judgments are affirmed and defendants are directed to appear in the court below at such time as they may be there called and that they be by that court committed until they have complied with their sentences or any part of them that had not been performed at the time the appeals were made a suspersedeas.