## Commonwealth *v.* Hess, Appellant.

Argued October 4, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Lemuel B. Schofield,* with him *Marshall N. Cohen,* for appellant.

*John W. Beyer,* First Assistant District Attorney, with him *John Milton Ranck,* District Attorney, for appellee.

OPINION BY GUNTHER, J., November 15, 1951:

Milton M. Hess has appealed from judgment and sentence following his conviction on an indictment charging open lewdness. His sole complaint is that the court below erred in refusing to withdraw a juror because of an alleged improper question asked by an assistant district attorney on cross-examination of a witness for appellant.

At the end of the Commonwealth's case in chief, the defense called Paul Hess, a son of the defendant, as an alibi witness. On cross-examination, the following testimony appears: "Q. Didn't you offer to have your father examined if these charges were dropped? A. No, not under that condition. This is what I told them, if that is what you are driving at. I told them, 'If my father did, and he could have done it, if it was possible he would have done anything like that', I said, 'Then the man should have his head examined. Something is the matter with him'. Q. Didn't you say, 'If you drop these charges, I will see that he gets examined'? A. No. Q. What do you mean, if it is possible that he had done it? A. Well, at the time it happened, I didn't

know the times or nothing. Q. Did you think it was possible he might have done it? A. Well, how was I to know? Anything can happen these days, but as long as I knew my Dad, I thought it was positively impossible. Q. You thought it was positively impossible because it was your Dad? A. Yes, because I grew up with him and knew what the man was like. Q. Well, didn't he do it before? Mr. Cohen: Objected to, if your Honor please. The Court: Objection sustained, and the Court will order that stricken from the record. The question, 'Well, didn't he do it before?' is stricken from the record, and the Jury is instructed to disregard the question. Mr. Cohen: I move that a juror be withdrawn and a mis-trial be declared. The Court: Motion overruled." The foregoing recital sets forth in full the testimony in which the alleged error occurred.

We are all agreed that in the circumstances disclosed the court below did not err in refusing to withdraw a juror. It is to be observed that this defendant's witness, in response to several questions, volunteered and interjected what was quite obviously good character testimony on behalf of the defendant. Where, as here, a witness attempts to introduce good character testimony in cross-examination it is within the province of the district attorney to test the credibility of the witness by propounding questions upon which the basis of the witness' testimony can be impeached. The question propounded was the natural result of a line of questioning, the subject matter of which was introduced originally by the witness. In *Commonwealth v. Becker*, 326 Pa. 105, 191 A. 351, in a similar situation, the court said: "The proper function of cross-examination in such a situation, the witness having qualified, is not to affirmatively establish the fact of bad reputation, but to break down the basis of the testimony of the witness as to good reputation". In *Commonwealth v. Wilson*, 44 Pa. Superior Ct. 183, 190, the Court said:

"A witness who testifies to the general good reputation of one accused may be tested by asking him on cross-examination as to reports which he has heard or contradictory statements he has made, or other facts known to him, not for the purpose of discrediting the person whose reputation is involved, but solely for the purpose of affecting the credibility of the witness". See also *Commonwealth v. Engle*, 73 Pa. Superior Ct. 138, 140, 141; *Commonwealth v. Brandler*, 81 Pa. Superior Ct. 585, 588; Cf. *Commonwealth v. Robinson*, 163 Pa. Superior Ct. 16, 60 A. 2d 824; *Henry, Trial Evidence*, 3rd Ed. §§120, 483. Moreover, the court below sustained defendant's objection to the question, ordered it stricken from the record, and instructed the jury to disregard it. In such circumstances, the action of the court below might have been more favorable to the defendant than he was entitled to, in view of the fact that the witness volunteered the information which lead up to the question complained of. In any event, this testimony was withdrawn from the jury, was not commented upon by counsel, and the jury was expressly instructed by the trial judge to disregard the same. Cf. *Commonwealth v. Fugmann*, 330 Pa. 4; 198 A. 99. The appellant has no cause for complaint.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with his sentence or any part of which had not been performed at the time the appeal in the case was made a supersedeas.