# Commonwealth *v.* Greene, Appellant.

*Criminal law—Murder—Erroneous charge—Presumption—Evidence.*

1. Although a verdict of murder of the first degree may be fully warranted by the evidence, it cannot be sustained if the court substantially charges the jury that, if they find the prisoner shot the deceased, the burden is upon him to relieve himself from the law's presumption that his offense is murder of the first degree.

2. Whenever the commonwealth asks for conviction of murder of the first degree, it must overcome the presumption of second degree after having established a felonious homicide, even if committed by the use of a deadly weapon upon a vital part of the body of the deceased.

3. Upon a trial for murder, where the prisoner offers no evidence, it is reversible error for the court to charge as follows: "The law holds that if a man uses a deadly weapon upon the vital part of another person, it is a presumption that he intended the consequences that would follow from, as, for illustration, from his pulling the trigger and sending a bullet crashing into the brain of some human being; that is, that he intended to kill, and if he so does, it is on him to answer to the jury aught that he may have in extenuation or qualification to relieve himself from that presumption of murder of the first degree."

Argued Oct. 4, 1909. Appeal, No. 261, Jan. T., 1909, by defendant, from judgment of O. & T. Phila. Co., March T., 1908, No. 68, on verdict of guilty of murder of the first degree in case of Commonwealth v. George A. Greene. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Indictment for murder. Before KINSEY, J.

The opinion of the Supreme Court states the case.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

*Error assigned* among others, was (27) the portion of the charge quoted in the opinion of the Supreme Court.

*Edwin M. Abbott*, with him *Samuel W. Salus*, for appellant, cited: Com. v. Mika, 171 Pa. 273; Murray v. Com., 79 Pa. 311; Com. v. Drum, 58 Pa. 9; Com. v. Deitrick, 218 Pa. 36; Com. v. Onofri, 18 Phila. 436.

*Joseph P. Rogers*, assistant district attorney, with him *Samuel P. Rotan*, district attorney, for appellee, cited: Com. v. Green, 1 Ashmead, 289; Com. v. Drum, 58 Pa. 9; Com. v. Dietrick, 218 Pa. 36; Com. v. Sutton, 205 Pa. 605; Com. v. Kovovic, 209 Pa. 465; Penna. R. R. Co. v. Coon, 111 Pa. 430.

OPINION BY MR. JUSTICE BROWN, February 14, 1910:

The appellant, George A. Greene, was charged in the court below with the murder of Edith Wonderly. From the case as presented by the commonwealth it appeared that about midnight on December 24, 1907, a man and woman were heard quarreling on the sidewalk at the corner of Carlisle and Brown streets, in the city of Philadelphia; that pistol shots were heard; that a man was seen pointing a revolver and shooting at an object under the awning at a store on the corner of the streets named; that he then walked up the street a short distance and, pointing the revolver at his own head, shot himself. The woman found upon the pavement under the awning was

Edith Wonderly, who had been shot twice in the head. She and the prisoner were conveyed to a hospital, where she died from her injuries on February 18, 1908. He recovered and, upon an indictment found against him, was convicted of murder of the first degree.

No evidence was offered on behalf of the prisoner, and the only questions for the jury's determination were whether the commonwealth had shown that he had shot the deceased, and, if so, whether his offense was willful, deliberate and premeditated murder. There could have been no doubt in the minds of the jury that he had slain the woman, and that his crime was a premeditated one appeared from a statement made by him, from his purchase of a revolver and cartridges shortly before the shooting and from letters written by him to the mother of the deceased and to other persons before the crime was committed. Though the verdict was fully warranted by the evidence, it cannot be sustained here if the trial judge committed substantial error in his instructions to the jury as to the law which was to be their guide. When a man's life is at stake it is not to be adjudged forfeited by the law except under strict observance by court and jury of the right of the accused, however revolting his offense may appear to be, to be tried in accordance with long-settled and well-known principles. It is difficult to understand the failure of a trial court to follow these in a capital case. Such failure is almost certain to result in the delay of justice, often and not unnaturally misunderstood as a denial of it to the commonwealth, when a retrial must be ordered, that the accused may be tried according to the law of the land.

Twenty-seven assignments of error are before us. All have been given the careful consideration required by the gravity of the case. The first twenty-six are dismissed with the simple comment that by no one of them has error been pointed out, and but for the twenty-seventh the judgment would be affirmed. The subject of that assignment is the following portion of the charge: "The law holds that if a man uses a deadly weapon upon the vital part of another person, it is a presumption that he intended the consequences that would follow

from, as, for illustration, from his pulling the trigger and send-
ing a bullet crashing into the brain of some human being; that
is, that he intended to kill, and if he so does, it is on him to
answer to the jury aught that he may have in extenuation or
qualification to relieve himself from that presumption of
murder of the first degree." The only inference to be drawn
by the jury from this construction was that if they found the
prisoner had shot the deceased, the burden was upon him to
relieve himself from the law's presumption that his offense was
murder of the first degree. He offered no testimony and was
not required to offer any to rebut a presumption that, if
guilty, his guilt was murder of the first degree. The law's
humane presumption was that his offense rose no higher than
murder of the second degree, and he was safe from conviction
of the first degree until the commonwealth had overcome the
presumption of second degree by affirmatively showing the ex-
istence of every ingredient and element of the first degree.
From this burden the commonwealth is never relieved. When-
ever it asks for conviction of murder of the first degree it must
overcome the presumption of second degree after having estab-
lished a felonious homicide, even if committed by the use of a
deadly weapon upon a vital part of the body of the deceased:
Com. v. Drum, 58 Pa. 9; Murray v. Com., 79 Pa. 311; Com. v.
Mika, 171 Pa. 273.

In the present case it was the statutory duty of the jury,
upon finding that the prisoner was guilty of felonious homicide,
to fix the degree of his guilt. Indeed, it may be fairly said
that, under the evidence, the real question for their determina-
tion was the degree. The law presumed that it rose no higher
than the second, but by the court's instruction, complained of
in the twenty-seventh assignment, the jury were unmis-
takably told that the law's presumption was that he was guilty
of murder of the first degree and that it was for him to answer
aught that he might have to say to relieve himself from that
presumption. He answered naught and was not called upon
to say anything to rebut such a presumption, for it did not
arise from the mere killing of his victim, even though he killed
her with a deadly weapon directed at a vital part of her body.

In other portions of the charge the court correctly instructed the jury not only as to the law's presumption of the degree of the prisoner's offense, but as to what was required of the commonwealth before it could ask for conviction of murder of the first degree, and it is insisted that the objectionable language ought not to be regarded as erroneous when read in connection with the rest of the instructions. There can be but one answer to this. Standing alone, it is palpably erroneous in a case involving a human life. Whether the jury followed or disregarded the erroneous instruction no one can tell. Instead of following correct instructions in other portions of the charge, they may have understood that there was a presumption of the prisoner's guilt of murder of the first degree, that it was upon him to relieve himself from that presumption, and that, having said naught "in extenuation or qualification to relieve himself from that presumption," it was their duty to convict him of murder of the first degree. Nothing is to be left to conjecture as to what instructions may have been followed by a jury, especially in a capital case. It is enough to know that they may have been misled by erroneous ones on a vital point: Com. v. Gerade, 145 Pa. 289; Com. v. Deitrick, 221 Pa. 7.

The twenty-seventh assignment of error is sustained and the judgment is reversed with a venire facias de novo.