# Commonwealth v. Wooley, Appellant.

*Criminal law—Murder—Voluntary manslaughter — Involuntary manslaughter—Charge—Conflicting instructions — Erroneous instructions—Pointing gun to frighten—Evidence—Self-defense—Scope of direct examination of defendant—New trial.*

1. Where the plea to an indictment for murder is that defendant was acting in self-defense, it is reversible error to refuse to permit the defendant, while being examined as a witness in his own behalf, to be asked whether at the time he fired the shot he thought he was in peril of his life or of great bodily harm. The weight to be accorded such testimony is for the jury.

2. In such case the trial judge erred in refusing to correct such error on the ground that, in his judgment, there had been developed on the cross-examination of the defendant what would have been an affirmative answer to the disallowed question, where it appeared that in no one of defendant's answers to the questions put to him by the district attorney did he say that, when he shot deceased, he

thought he was in peril of his life or of great bodily harm.   His mere admission that he was in fear is not the equivalent of his unqualified declaration that he had acted in self-defense because he thought that he was in peril of his life or of great bodily harm.

3. Where correct and erroneous instructions are given in a charge it is not to be conjectured, especially in a capital case, which the jury followed.

4. On the trial of an indictment for murder where defendant testified that when he took the gun into his hands he was under the impression that it was unloaded and that his intention was to use it to frighten the deceased away, the error committed in charging that if such were the honest belief and purpose of the defendant he would be guilty of voluntary manslaughter, the trial judge inadvertently using the word "voluntary" instead of "involuntary," is not cured by the fact that the court had in a previous part of the charge carefully distinguished between the two grades; and where in such case a conviction of voluntary manslaughter followed, a new trial was awarded.

Argued Oct. 15, 1917.   Appeal, No. 9, Oct. T., 1917, by defendant, from sentence of O. & T. Bradford Co., Sept. T., 1916, No. 1, on verdict of guilty of voluntary manslaughter in case of Commonwealth v. George Mitchell Wooley.   Before BROWN, C. J., POTTER, MOSCH-ZISKER, FRAZER and WALLING, JJ.   Reversed.

Indictment for murder.   Before MAXWELL, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict of guilty of voluntary manslaughter upon which sentence was passed.   Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence and the charge of the court.

*William G. Schrier,* with him *Charles E. Mills,* for appellant.—It is reversible error to refuse to permit the defendant on trial for murder to be asked on direct-examination whether at the time he fired the shot he thought he was in peril of his life or of great bodily harm:   Commonwealth v. Garanchoskie, 251 Pa. 247; Runyan v. The State, 57 Ind. 80;   West v. The State, 59

Ind. 113; Commonwealth v. Woodward, 102 Mass. 155; Wallace v. United States, 162 U. S. Repr. 466.

An error committed by the court in charging that if defendant drew the gun thinking it was empty, for the purpose merely of frightening deceased, and shot and killed the deceased, he would be guilty only of voluntary manslaughter, inadvertently using the word "voluntary" instead of "involuntary," is not remedied by a correct statement of the distinction between voluntary and involuntary manslaughter in another part of the charge: Selin v. Snyder, 11 S. & R. 319; Gearing v. Lacher, 146 Pa. 397; Baker v. Hagey, 177 Pa. 128; Commonwealth v. Deitrick, 221 Pa. 7; Commonwealth v. Greene, 227 Pa. 86.

*David J. Fanning,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 7, 1918:

The appellant was convicted in the court below of voluntary manslaughter on an indictment charging him with murder. His plea was that he was acting in self-defense, under circumstances which made him believe that his life was in danger, or that he was about to suffer great bodily harm, and that to save his life or avoid such harm he shot the deceased. While he was being examined as a witness in his own behalf, he was asked the following question: "At the time you fired this shot will you state to the court and jury whether or not you thought you were in peril of your life, or of great bodily harm?" This was disallowed, and its disallowance is the subject of the first assignment of error.

The appellant was a competent witness for himself, and the question which he was not permitted to answer bore directly upon the defense he was making. He alone, of all the witnesses called by him, could testify as to whether he really thought he was in peril of his life or of great bodily harm, and no testimony could have

been more competent than his own as to his belief that he was in such danger. What credit was to be given to him was for the jury under all the circumstances surrounding the homicide, and it is to be remembered that they might fairly have inferred to his prejudice that he had not been in fear of bodily harm if he had failed to so testify. The refusal to permit him to do so was clear error: Commonwealth v. Garanchoskie, 251 Pa. 247; Wallace v. United States, 162 U. S. Rep. 466; Commonwealth v. Woodward, 102 Mass. 155; Batten v. The State, 80 Ind. 394; Taylor v. The People, 21 Colo. 426; Elliott on Evidence, Vol. 4, Sec. 3041. In his opinion refusing a new trial the trial judge admitted this error, but refused to correct it, because, in his judgment, there had been developed on the cross-examination of the defendant what would have been an affirmative answer to the disallowed question. This was not so. In no one of his answers to the questions put to him by the district attorney does he say that, when he shot the deceased, he thought he was in peril of his life or of great bodily harm, and it was not judicially frank or fair to hold that his mere admission that he was scared and in fear was the equivalent of his unqualified declaration that he had acted in self-defense because he thought he was in peril of his life or of great bodily harm. The first assignment of error is sustained.

The defendant testified that, when he took the gun in his hands, he was under the impression it was not loaded, and that his intention was to use it to frighten the deceased away. In commenting upon this testimony the following instruction was given to the jury and is the basis of the second assignment: "Now we will say right here, for fear we may forget it, if, under all the circumstances of this case, if you find in the testimony that this defendant honestly and in good faith believed this gun was empty, and he took it out there simply for the purpose of frightening this man away by its appearance, and had no intention in his mind at the time, of shooting

him, and he drew up the gun in the manner in which he described, for the purpose of frightening him, not knowing it was loaded, and he shot and killed this man, we think that he would be guilty of only voluntary manslaughter, if you find that under the evidence in this case." This palpable error is also admitted in the opinion refusing a new trial, the trial judge saying: "We, inadvertently, in charging the jury, in that part of the charge quoted and assigned as error, used the word 'voluntary' where we intended to use the word involuntary." He then adds: "The jury certainly could not have been misled by this slip, for the reason that we just previously instructed them, carefully, as to manslaughter, and defined and distinguished between the two grades." The defendant was convicted of voluntary manslaughter, and it is most fairly argued that he may have been so convicted under the instruction complained of by the second assignment, which ought to have been that he was entitled to an acquittal on the indictment, if the jury believe his version of the shooting. Whatever proper instructions may have been given in other parts of the charge, they did not cure the palpable misdirection which the jury may have regarded as what the trial judge intended to be a correct instruction to them, for there was nothing doubtful or ambiguous in it. In attempting to justify himself in failing to correct his error, on the motion for a new trial, the trial judge utterly ignored the oft-repeated rule that, where correct and erroneous instructions are given in a charge, it is not to be conjectured, especially in a capital case, which the jury followed. It is enough to know that they may have followed the erroneous ones on a point vital to the defendant: Commonwealth v. Gerade, 145 Pa. 289; Commonwealth v. Deitrick, 221 Pa. 7; Commonwealth v. Greene, 227 Pa. 86. The second assignment of error is also sustained and the judgment reversed with a venire facias de novo.