Hisak *v*. Lehigh Valley Transit Co., Appellant.

Argued April 20, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William S. Hudders,* with him *Butz, Steckel, Hudders & Rupp,* for appellant.

*E. G. Scoblionko,* with him *Everett Kent,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, July 6, 1948:

Moore's Lane is a paved black-top road approximately 25 feet in width, running north and south in Salisbury Township, Lehigh County. Plaintiff was driving his Pontiac coupe in a northerly direction on this lane in the late afternoon of April 1, 1943. As he came toward defendant's street-car track, which intersects Moore's Lane at right angles, he stopped at a point six feet south of the south rail and again when but a foot distant therefrom, he himself, in his seat in the automobile, being then about four feet away. He says that he looked to the right and left but at neither stopping point could he see for a greater distance than 150 to 200 feet; he saw nothing on the track; he listened but heard nothing; no whistle was sounded or bell rung. So he started across, his automobile merely "crawling" because the south rail was higher than the north rail and the space between them was full of rocks and holes. After the front wheels

had passed the north rail and the rear wheels the south rail the automobile was struck with tremendous force by defendant's trolley car coming from the east and was pushed ahead of it for a distance of 100 to 125 feet. Plaintiff was severely injured, brought suit for damages, and recovered a verdict of $15,000. Defendant appeals from the refusal of the court below to grant its motions for a new trial and for judgment n.o.v.

One of plaintiff's witnesses testified that the trolley car was running at 60 miles an hour and did not reduce its speed at any time before striking the automobile. There can be no question therefore as to the testimony being sufficient to convict the motorman of negligence. But defendant rests its claim for judgment n.o.v. on plaintiff's alleged contributory negligence. It appears from a plan and from photographs placed in evidence by defendant which were taken nearly two years after the accident that the car track to the east of Moore's Lane runs in almost a straight direction for a distance of approximately 500 feet, at which point it turns sharply to the south; and that the view for that distance was wholly unobstructed. Defendant claims that these are incontrovertible physical facts and accordingly that plaintiff's testimony that he could see only 150 to 200 feet and that there was nothing in sight when he looked should be rejected as being either intentionally or mistakenly false. It is true, of course, that the measured distance between the intersection and the curve must be accepted as correct and that it is vain for a person to say he looked and listened when, in spite of what his eyes and ears must have told him, he drove in front of an approaching car by which he was immediately struck: *Lessig v. Reading Transit & Light Co.*, 270 Pa. 299, 113 A. 381; *Barton v. Lehigh Valley Transit Co.*, 283 Pa. 577, 129 A. 585; *Reilly v. Philadelphia*, 328 Pa. 563, 195 A. 897. But in the present case this principle of law is

4

inapplicable for two reasons. The first of these reasons is that, even though the distance to the curve was 500 feet, there was ample testimony that *at the time of the accident* the view was obstructed by weeds and brush which were higher than a man's head and extended all along the south side of the track close to the ends of the ties. One witness stated that at that time you had to get on the car track itself before you could see all the way to the curve, another that the brush was four or five feet high in places and that a person would be "lucky" if he could see 50 feet down the track, another that you could not see more than 100 feet if standing at a point two feet south of the south rail, and still another that one would have to stand almost on the south rail in order to see up to the curve because the brush came so close to the track as to sweep the sides of the cars as they passed. Under such circumstances the doctrine of incontrovertible physical facts passes out of the case: *Scholl, Administratrix, v. Philadelphia Suburban Transportation Company,* 356 Pa. 217, 225, 226, 51 A. 2d 732, 737; *Peruzzi v. Pennsylvania R. R. Co.,* 99 Pa. Superior Ct. 519, 524, 525.

The second reason which refutes defendant's contention is that contributory negligence cannot be declared in this case as a matter of law because it is *possible* that plaintiff's automobile was struck by a street car which was not in sight—even at the distance of 500 feet—when he committed himself to the intersection, since the automobile was not hit instantaneously on starting across the track: *Cuteri v. West Penn Railways Co.,* 305 Pa. 347, 157 A. 686; *Ehrhart v. York Rys. Co.,* 308 Pa. 566, 570, 571, 162 A. 810, 811. If the trolley car ran, as the testimony indicated, at a speed of 60 miles an hour, it would have negotiated 500 feet in less than six seconds; meanwhile the automobile had to start from a position of rest and then to advance very slowly be-

cause of the bad condition of the crossing, so that it might well have been struck before it had entirely cleared the track by a car coming from out of sight around the curve, the testimony being that only the rear half of the automobile was still within the rails when the collision occurred. Nor can it be held, as a matter of law, that, in the absence of the blowing of a whistle or sounding of a gong, plaintiff was bound to hear the noise of the oncoming car even though some other person might, by reason of a keener sense of hearing, have become aware of its approach.

While, therefore, from what has been said, it is clear that the motion for judgment n.o.v. was properly refused, defendant stands on firmer ground in its application for the granting of a new trial. It appears that the learned trial judge properly told the jury in the beginning of his charge that the driver of a motor vehicle is not warranted in assuming that if he is the first to reach the crossing he may go on and leave to the motorman of an approaching car the entire duty of vigilance in order to avoid a collision,—that the rule as to street cars and automobiles at intersections does not contemplate a race between them to see which can get across first. Unfortunately, however, under a misapprehension as to what was said in *Dopler v. Pittsburgh Rys. Co.*, 307 Pa. 113, 119, 120, 160 A. 592, 594, the court affirmed a point submitted by plaintiff as follows: "As long as a street car is not at the crossing, a vehicle which arrives at an intersection first might with safety, so far as a claim for damages is concerned, cross it without being guilty of any breach of duty on which any negligent act could be predicated. Whether the street car was 25, 50, or 100 feet away would be immaterial. The automobile, being at the crossing first, would have the right to go over." Of course, not only was this erroneous, but it bore upon the most vital issue involved in the

case, because, while plaintiff contended that he started across when the trolley car was not yet in sight, the motorman testified that when he was but two car lengths away from Moore's Lane he saw the automobile approaching at a distance of 18 to 20 feet south of the south rail and that it kept on without stopping and came on the crossing when the street car, running at a speed of 15 to 20 miles an hour, was only about one-half car length away. It is obvious that even if the jury decided to accept this testimony they would have been justified in believing, under the court's affirmance of plaintiff's point, that they could nevertheless render a verdict for plaintiff. Where an erroneous instruction consists of a palpable misstatement of the law, it is not cured by a conflicting or contradictory one which correctly states the law on the point involved, for the jury, assuming, as is their duty, that the instructions are all correct, may as readily have followed the incorrect as the correct one, and it is impossible to know which they accepted: *Shaver v. McCarthy*, 110 Pa. 339, 346, 5 A. 614, 616; *Commonwealth v. Gerade*, 145 Pa. 289, 298, 22 A. 464, 465, 466; *Commonwealth v. Deitrick*, 221 Pa. 7, 13, 14, 70 A. 275, 277; *Commonwealth v. Greene*, 227 Pa. 86, 90, 75 A. 1024, 1025; *Commonwealth v. Wooley*, 259 Pa. 249, 253, 102 A. 947, 948; *Commonwealth v. Divomte*, 262 Pa. 504, 509, 105 A. 821, 823; *Commonwealth v. Ross*, 266 Pa. 580, 584, 110 A. 327, 328, 329; *Grove v. Equitable Life Assurance Society of the United States*, 336 Pa. 519, 524, 9 A. 2d 723, 725, 726.

Because we are of opinion that a new trial must therefore be granted, it is not necessary to discuss two other complaints made by defendant, namely, that the verdict was excessive, and that a hypothetical question asked by plaintiff's counsel of a medical witness was improperly allowed.

Judgment reversed and a new trial awarded.