Johns et ux., Appellants, *v.*
Shaler Township.

Argued November 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Gerald W. Weaver*, with him *Bagley, Weaver & Sydor*, for appellants.

*Robert B. Truel*, with him *Truel and Ploeger*, for appellee.

OPINION BY VAN DER VOORT, J., April 22, 1976:

On September 1, 1971, appellants David and Thelma Johns, husband and wife, brought an action in trespass against appellee Shaler Township, alleging negligence on the part of appellee in permitting sanitary sewers to back up, depositing sewage in the game room of appellants' home. Following a jury trial, verdict was rendered on December 4, 1973 in favor of appellee. Appellants filed timely motions for a new trial, which motions were denied on July 1, 1975. Judgment was entered on July 17, 1975, in favor of appellee, and a timely appeal was taken to our Court. The sole issue presented by appellants in this appeal is whether the trial court committed reversible error in charging the jury on burden of proof. We find that the trial court did err, and we reverse for a new trial.

While there are exceptions to the rule, it has long been established that the plaintiff in a civil action has

the burden of proof — a burden which must be met by a *preponderance of the evidence.* O'Toole v. Braddock Borough, 397 Pa. 562, 564, 155 A.2d 848 (1959); *Se-Ling Hosiery, Inc. v. Margulies,* 364 Pa. 45, 48, 70 A.2d 854 (1950). The trial judge in the case before us carefully instructed the jury three times that the burden was on the plaintiffs to show by the weight or preponderance of the believable or credible testimony that the Township was negligent. Unfortunately, the trial court subsequently read, at appellee's request, the following charge:

> "The burden of proof rests upon the plaintiff and the plaintiff must show by *clear and convincing evidence* and not by mere guessing or conjecture that the defendant was in some way liable." (Emphasis added).

Appellants' attorney objected to this statement of the law but the objection was overruled. The point was raised again in post-trial motions, and the court *en banc* affirmed (2-1) the trial court's action.

It is clear that instructing a jury that a fact must be established by clear and convincing evidence is not the equivalent of saying that a fact must be established by the weight or preponderance of the evidence; the former implies a higher degree of proof. *Snyderwine v. McGrath,* 343 Pa. 245, 251, 22 A.2d 644 (1941). Where a trial judge's instruction to the jury consists of a palpable misstatement of the law, it is not cured by a conflicting or contradictory instruction which correctly states the law on the point involved. *Stegmuller v. Davis,* 408 Pa. 267, 270, 182 A.2d 745 (1962); *Hisak v. Lehigh Valley Transit Co.,* 360 Pa. 1, 6, 59 A.2d 900 (1948). See *Lieberman v. Philadelphia Transportation Co.,* 410 Pa. 172, 188 A.2d 750 (1963). This is not to say that a trial judge cannot cure an erroneous charge by explicitly instructing a jury to disregard previous instructions, but such correction must leave the jury with a clear indication of what the correct law is that it is to apply. In the case before us, the trial court gave conflicting

instructions to the jury, giving emphasis to the erroneous instruction by stating it in the last portion of the charge.

We must reverse.

JACOBS, J., dissents.