462 A.2d 809

**James DICKSON, Appellant,**

v.

**Ronald WAGNER.**

Superior Court of Pennsylvania.

Argued April 5, 1983.

Filed July 8, 1983.

Petition for Allowance of Appeal Denied Nov. 8, 1983.

94

Allen L. Feingold, Philadelphia, for appellant.

Glenn David Hains, Morrisville, for appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from a judgment in a trespass action. Appellant, who was plaintiff below, argues, among other issues, that the trial judge's charge to the jury was confusing. We agree and reverse.[1]

In beginning his charge, the trial judge said:

In this case the Defendant admitted his negligence and has admitted that that negligence was the cause of this accident. And, therefore, the liability for the accident is admitted by the Defendant. As it appears to the Court, the issue is whether the Defendant's negligence as admitted, and as admitted having caused the accident, was a substantial factor in bringing about the injuries complained of by the Plaintiff. That seems to the Court to be the issue you have to deal with, and then whether and to what extent and amount the Plaintiff is entitled to damages from the Defendant on account of the injuries received.

N.T. 1012.

---

1. We need not address the other issues raised by appellant.

Later the judge said:

> If you find that the Defendant is liable to the Plaintiff, you must then find an amount of money damages which you believe will fairly and adequately compensate the Plaintiff for all the physical and financial injury he has sustained as a result of the accident.
>
> N.T. 1018.
>
> If you find the Defendant is liable, then you look to these damages.
>
> N.T. 1019.
>
> If you find the Defendant liable, the Plaintiff is entitled to be compensated. . . .
>
> *Id.*

When appellant's counsel excepted to the charge, the judge said:

> So there may be no confusion about it, the Defendant has admitted liability for this accident. And, therefore, that is not at issue for you to consider in the case.
>
> N.T. 1034–35.

The judge went on to say:

> But if you find that the negligence of the Defendant was the legal cause of this accident, and if you find that the Plaintiff's injuries as complained of resulted from that accident, then you would move to the question of what the damages ought to be and analyze the whole damage issue as I've indicated.
>
> N.T. 1034–35.

When appellant's counsel again excepted to the charge, the judge said:

> If you find that the Defendant legally caused this accident and that the Plaintiff was injured as a result of this accident, then you go on to the question of damages. If you find the Plaintiff has borne that burden of proof, you go on to the damages.

The Plaintiff does not have to prove the liability for the accident. That's admitted. It's only after that point that we get into the disputed issue.

N.T. 1037.

■ Since appellee, the defendant, had admitted liability, it was error for the trial judge to charge: "If you find the Defendant liable ...," and "If you find the Defendant legally caused the accident ...." The judge should have explained that liability was admitted, and that therefore the only issue for the jury to decide was what damages, if any, should be awarded.

■ Although the trial judge may cure an incorrect instruction, he must explicitly tell the jury to disregard the incorrect instruction. *Johns v. Township of Shaler*, 240 Pa.Super. 129, 368 A.2d 339 (1976). As the Supreme Court explained in *Hisak v. Lehigh Valley Transit Company*, 360 Pa. 1, 59 A.2d 900 (1948):

Where an erroneous instruction consists of a palpable misstatement of the law, it is not cured by a conflicting or contradictory one which correctly states the law on the point involved, for the jury, assuming, as is their duty, that the instructions are all correct, may as readily have followed the incorrect as the correct one, and it is impossible to know which they accepted

*Id.*, 360 Pa. at 6, 59 A.2d at 903 (citations omitted). Here, the trial judge attempted to correct the error, but he did not tell the jury to disregard the incorrect instruction. Instead, after correcting the error ("[T]he Defendant has admitted liability.... [T]herefore, that is not at issue ...."), the judge again gave an incorrect instruction ("[I]f you find that the negligence of the Defendant was the legal cause ...."). The jury must have been confused. A new trial is therefore required. *Takach v. B.M. Root Co.*, 279 Pa.Super. 167, 420 A.2d 1084 (1980).

The judgment is reversed and the case is remanded for a new trial limited to damages.